[Zuck *v.* McClure & Co.]

# Zuck & Henry *versus* McClure & Co.

1. A defendant in a suit is not entitled to set off against the plaintiff damages for a breach of contract between them, unless said breach was complete at the time of suit brought.

2. Where such breach became complete after suit brought, but before trial, *Held*, that the defendant was not entitled to set off against the plaintiff the damages resulting therefrom.

3. A mere notice of an intended breach of contract is not of itself breach of the contract, though it may become so if accepted and acted on by the other party.

4. A notice of an intention not to perform a contract, if not accepted by the other party as a present breach, remains only a matter of intention and may be withdrawn at any time before the performance is in fact due.

5. A promisee may treat a notice of intention not to perform a contract as inoperative, and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of non-performance. But in that case he keeps the contract alive for the benefit of the other party as well as his own, and enables the other party not only to complete the contract if so advised, notwithstanding his previous repudiation of it, but also to take advantage of any supervening circumstance which would justify him in declining to complete it.

6. A. contracted to deliver to B. a specified amount of coke in October of a certain year and performed his contract. On November 11th following, he contracted with the same party to deliver other coke on December 1st. On November 19th, A. wrote to B. stating that he was unable to perform his contract. To this letter B. made no reply. On November 29th A. sued B. for the price of the coke furnished in October. On December 4th, B. wrote to A. stating that he was *then* prepared to receive the coke contracted for on November 11th, and that if shipments were not made at once he would consider the contract of that date as being broken. A., however, failed to deliver any coke to B. under said contract. On the trial of the suit by A. against B. for the price of the coke furnished in October, B. attempted to set off his damages for breach of the contract of November 11th. *Held*, that said breach was not complete at the time of suit brought, and that defendant could not therefore set off the damages resulting therefrom.

October 13th 1881. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Green, J., absent.

Error to the Court of Common Pleas No. 1, of *Allegheny county :* Of October and November Term 1881, No. 105.

Assumpsit, by Zuck & Henry against G. T. Rafferty et al., trading as McClure & Co. The action was brought November 29th 1879, the writ served and narr. filed the same day, to recover $1,500 due plaintiffs for coke delivered to the defendants

[Zuck *v.* McClure & Co.]

during the month of October, 1879, under a written contract. The fact of delivery and the price was not disputed.

On the trial, before COLLIER, J., the defendants claimed to set off damages sustained by them by reason of the failure of the plaintiffs to comply with a subsequent contract for the delivery of coke from and after December 1st 1879, at a stipulated price. The last mentioned contract was consummated by correspondence November 11th 1879, performance to begin December 1st 1879. The plaintiff objected to the admission of any evidence relating to the second contract, upon the ground that the time of its performance did not commence until after the bringing of this action, and that consequently damages arising from any breach thereof could not be set off in this action. The court, however, admitted the evidence, which showed the existence of said second contract, and notice given on November 19th 1879, by plaintiffs to the defendants that they could not comply with the same, to which notice the defendants replied in the following letter:

PITTSBURGH, December 4th 1879.

MESSRS. ZUCK & HENRY, Connellsville, Pa.

*Gents :*—We beg to draw your attention to contract between us by which you agree to furnish us the product of the Eldorado Coke Works (forty ovens); also, product of ovens that may be built during the continuance of the contract from December 1st 1879, to May 31st 1880, inclusive, and to advise you that we have been and *are now prepared to receive the coke under said contract.* If shipments on our account are not *at once* commenced we will go into the market and buy an equal amount of coke which you fail to deliver us, and will hold you responsible for any difference in price which we may have to pay, and will retain the balance which we now have in our hands to secure us against any loss or damage which we may sustain from your failure to comply with contract.

Yours most respectfully,

MCCLURE & Co.

The defendants then proved, under objection, the failure of the plaintiffs to deliver coke under the second contract, and the purchase by the defendants of coke in the market at an advanced price, whereby they suffered damages largely exceeding in amount the plaintiffs' claim, for which they asked a verdict and certificate in their favor against the plaintiffs.

The plaintiffs presented, inter alia, the following point:

" 8. A notice of an intended breach of contract will operate as a breach only if accepted and acted upon by the other party, who may, if he pleases, disregard the notice and insist upon

[Zuck *v.* McClure & Co.]

performance according to the contract, and if he does so insist upon performance he cannot afterwards rely upon such notice as a breach.

"The defendants' letter of December 4th 1879 (Exhibit 12), shows that defendants did insist upon performance by plaintiffs according to the contract. No cause of action therefore accrued to the defendants until after the suit was brought, and the defendants are not entitled to set off the damage in the action for that reason.

"*Answer.*—As a whole, this point is refused."

The court charged the jury, in substance, that the defendants were entitled to set off damages sustained by reason of the plaintiff's breach of the second contract, and that the damages were to be measured by the difference between the price at which the plaintiffs agreed to deliver the coke and the market price during the period of the contract.

The jury found a verdict for the defendants and certified a balance in their favor of $36,150.12, and judgment was entered thereon. The plaintiff thereupon took this writ of error, assigning for error the refusal of the above point.

*J. S. Cook* (*I. P. Hays* with him), for the plaintiffs in error. —The plea of set off is a substitute for a cross action and with respect to it, the defendant is to be considered as plaintiff. As such plaintiffs, the defendants in this case had no cause of action on November 29th 1879 (when this suit was brought) upon the contract performance of which was to begin on December 1st 1879. Damages sustained by them under that contract could not arise until after that date, and, therefore, cannot be set off in this action, which was brought prior to that date: Pennell *v.* Grubb, 1 Harris 552; Huling *v.* Hugg, 1 W. & S. 418; Carpenter *v.* Butterfield, 3 Johns. Cas. 145; Morrison *v.* Moreland, 15 S. & R. 63.

The fact that the plaintiffs notified the defendants prior to the bringing of this suit of their *intended* breach of such subsequent contract, would not constitute an actual breach in advance of the date of performance, unless affirmatively accepted as such by the defendants. But the defendants not only did not affirm such breach, but, by their letter of December 4th 1879, expressly refused to do so; waived any breach which may have occurred between December 1st and 4th; and insisted upon an immediate performance of the contract. The contract was thereby kept alive, and the plaintiff's eighth point should, therefore, have been affirmed: Leake on Contracts, p. 873.

*Welty McCullough,* for the defendant in error.—The writ in this case was issued November 29th 18 ?, returnable the first

[Zuck *v.* McClure & Co.]

Monday in December. The *plaintiff* cannot claim on any cause of action *after suit brought.* The *defendant,* however, is not in court until the *return day,* and he can set up any defence that he had on that day. The set off was, therefore, properly allowed. We contend, moreover, that the defendants, by their acts, did, immediately upon the receipt of the notice of intended breach, accept and affirm such notice as an actual breach, from the effects of which action they could not relieve themselves by subsequently, after the date fixed for the performance of the contract, insisting upon its performance. The terms of the original contract, which was in evidence, provided "settlements to be made on or about the 20th of each month for all coke shipped in the preceding month." The notice of the intended breach was dated November 19th ; payment for the October deliveries was due and refused by the plaintiffs on the following day. This was immediate action upon the notice of intended breach. The plaintiff's eighth point was made up partly of law and partly of alleged facts, and the court properly refused it " as a whole."

Mr. Justice PAXSON delivered the opinion of the court, November 7th 1881.

This action was commenced in the court below on the 29th day of November 1879, and was to recover about $1,500 for coke delivered by the plaintiffs to the defendants during the previous October. There was no serious dispute as to either the delivery of the coke or the amount; but the defendants set up as a defence the breach of a contract on the part of the plaintiffs for future deliveries of coke. To state said contract briefly, the plaintiffs had agreed to sell and deliver to the defendants the entire product of their Eldorado works, comprising forty ovens, at a fixed price per ton, and also the product of all other ovens built by them during the continuance of the contract. This contract plainly appears by the correspondence between the parties, and was finally closed on November 11th 1879. On the 19th of the same month the plaintiffs notified the defendants in writing that they would not deliver the coke. On the 4th of December, four days after the delivery was to have commenced under the contract, the defendants wrote to the plaintiffs as follows: " We beg to draw your attention to contract between us by which you agree to furnish us the product of the Eldorado Coke works (forty ovens) ; also product of ovens that may be built during the continuance of the contract from December 1st 1879 to May 31st 1880, inclusive, and to advise you that we have been and are now prepared to receive the said coke under said contract. If shipments on our account are not at once commenced we will go into the market

[Zuck v. McClure & Co.]

and buy an equal amount of coke which you fail to deliver us, and will hold you responsible for any difference in price which we may have to pay, and will retain the balance which we now have in our hands to secure us against any loss or damage which we may sustain from your failure to comply with contract."

The defendants upon the trial below were allowed to set off their damages by reason of the breach of the above contract, and the jury found a verdict in their favor for $36,150. The single specification of error raises the question whether there was any breach at the time the suit was commenced.

A mere notice of an intended breach is not of itself a breach of the contract. It may become so if accepted and acted on by the other party. If the defendants had accepted the plaintiffs' notice of breach contained in their letter of November 19th and acted upon it, there would plainly have been a breach of the contract. The plaintiffs in such case could not have relieved themselves by commencing to deliver the coke on December 1st, but must have been held to all the legal consequences of the breach. The defendants, however, on December 4th, still insist upon compliance. They say "they are now prepared to receive said coke under said contract." This certainly kept the contract alive as to both parties. The plaintiffs could have gone on and delivered the coke on December 4th, in which case there would have been no breach and no damages. The notice of an intention not to perform the contract, if not accepted by the other party as a present breach, remains only a matter of intention, and may be withdrawn at any time before the performance is in fact due : but if not in fact withdrawn it is evidence of a continued intention to refuse performance down to and inclusive of the time appointed for performance : Ripley v. McClure, 4 Ex. 345 ; Leake on the Law of Contracts, 873. The promisee may treat the notice of intention as inoperative and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of non-performance. But in that case he keeps the contract alive for the benefit of the other party as well as his own ; he remains subject to all his own obligations and liabilities under it, and enables the other party not only to complete the contract, if so advised, notwithstanding his previous repudiation of it, but also to take advantage of any supervening circumstance which would justify him in declining to complete it : Leake on Contracts, supra.

It follows from the foregoing principles that on November 29th when the action was commenced below, there was no breach of the contract which the defendants could set up as a set off to the plaintiffs' claim. Nor does it help the defendants that when the cause was tried the breach was complete. The

2 OUTERBRIDGE—35

date of the commencement of the suit is the obvious test in such cases : Morrison *v.* Moreland, 15 S. & R. 61 ; Carpenter *v.* Butterfield, 3 Johns. Cases 144.

There was error in not affirming the plaintiffs' eighth point. Judgment reversed and a venire facias de novo awarded.