## Sherts *v.* Kimmig, Appellant.

*Contracts—Sale—Delivery—Evidence.*

In an action to recover damages for the breach of a contract to purchase plaintiff's crop of tobacco at a certain price and of a designated quality, where it appears that the plaintiff failed to deliver or offer to deliver the tobacco at the warehouse of the defendant as provided by the contract, the jury should not be permitted to find that the plaintiff was excused from delivering or offering to deliver the tobacco at the warehouse, where the evidence shows that after some dispute about the quality of the tobacco and some talk on the part of the defendant as to rescinding the contract, the plaintiff in a letter demanded to know whether the defendant would receive the crop, to which the defendants answered that they would accept all the tobacco provided it was in accordance with the contract at the time of delivery.

Argued Nov. 10, 1909. Appeal, No. 32, Oct. T., 1909, by defendants, from judgment of C. P. Lancaster Co., April T., 1907, No. 61, on verdict for plaintiff in case of W. B. Sherts v. L. P. Kimmig and W. E. Gheeh, trading as Kimmig & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for breach of a contract to purchase a crop of tobacco. Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $566.58. Defendant appealed.

*Error assigned* amongst others was in refusing motion for judgment for defendant non obstante veredicto.

*W. U. Hensel*, for appellant.—In offering delivery the vendor is bound to give the buyer an opportunity of examining the goods, so that the latter may satisfy himself whether they are in accordance with the contract: Croninger v. Crocker, 62 N. Y. 151.

Where performance by one party depends on something to be previously done by the other, an action will not lie for nonperformance if default has been made in the precedent act: McSherry v. Askew, 1 Yeates, 79; Neave v. Jenkins, 2 Yeates, 107; Morrow v. Waltz, 18 Pa. 118; Benninger v. Hankee, 61 Pa. 343; Funk v. Frankenfield, 71 Pa. 205; Quigley v. DeHaas, 82 Pa. 267; Garard v. Monongahela College, 114 Pa. 337.

A contract to sell and deliver goods at a certain place gives no cause of action unless there be a delivery at the place agreed on: Millard v. Morse, 32 Pa. 506.

*John E. Malone*, with him *H. Edgar Sherts*, for appellee.

Opinion by Porter, J., October 10, 1910:

The plaintiff seeks to recover of the defendants damages for an alleged breach of contract. The contract was in writing and bears date November 10, 1906. Under its terms the defendants agreed to buy plaintiff's crop of tobacco, at the price of fifteen cents per pound for wrappers and fifteen cents per pound for fillers, "sized and clean." The covenant of the contract material to be considered is in the following words, viz.: "The wrappers to be well assorted, free from burnt, white veins, flea-bitten, frosted, pole sweat, hail cut or any other damage and all to be delivered in good merchantable order at our warehouse, No. 118 North Christian Street." The plaintiff averred in his statement that the defendant Kimmig, with his agent William Affalbach, on January 18, 1907, came to the residence of plaintiff and after a careful examination of the tobacco stated that they would not accept the same. The learned judge of the court below properly held that the written contract required the plain-

tiff to deliver the tobacco at the warehouse of the defendants and that the plaintiff could not recover in this action as it was admitted that he had not delivered the tobacco according to the contract, unless he established by evidence facts which excused him from making the delivery which the contract required. The plaintiff testified that, on January 18, 1907, Kimmig and the agent Affalbach came to his residence, examined a part of the crop of tobacco and that Kimmig then said he would not receive the tobacco and demanded the return of the written contract, which plaintiff declined to surrender. About one-third of the tobacco had at that time been stripped and a part had been assorted, the remaining third was in the leaf unstripped. The plaintiff called witnesses who to a certain extent corroborated his testimony with regard to the occurrence of January 18, 1907, but the majority of his own witnesses failed to corroborate his statement that Kimmig had then absolutely and unconditionally refused to accept the tobacco; the testimony of these witnesses was to the effect that Kimmig complained of the manner in which the tobacco was being assorted and said that unless it was assorted in a different manner he would not receive it. Kimmig, the defendant, testified as to the conversation of January 18, at the residence of plaintiff, that an armful of the tobacco which had been stripped was brought to the bench, in the tobacco house, for his examination and that when he looked at it he saw quite a number of holes in the tobacco and called the attention of the plaintiff to its condition saying, "Look here, that isn't right." That the plaintiff said, "I know that ought not to be in, my men did some of that"; and that Kimmig then said, "If you want to present it in that kind of condition it would not pass, we would not accept it." He denied absolutely that he had refused to comply with his contract according to its terms. The court below submitted to the jury the question whether Kimmig, the defendant, on January 18, unconditionally refused to take the tobacco, or merely said that he would not

take it in the condition in which it then was. The court instructed the jury that if Kimmig had then absolutely refused to accept the tobacco, the plaintiff was excused from making delivery at the warehouse and they should under the evidence find a verdict for the plaintiff in the amount of the damage which he had sustained. If the rights of the parties to this controversy depended entirely on what occurred on January 18, 1907, the question whether Kimmig had absolutely and unconditionally refused to accept the tobacco must have been submitted to the jury, for the plaintiff had so testified, although the weight of the testimony even of his own witnesses was against him upon that point, the question would have been for the jury. The rights of the parties are to be determined, however, in the light of all the testimony in the case. The defendants submitted a prayer for binding instructions in their favor, to wit: "Under the law and the evidence there can be no recovery in this case, and the verdict must be for the defendant." This point the court below reserved, the verdict was in favor of the plaintiff, the defendants subsequently moved for judgment non obstante veredicto, which motion the court below overruled and judgment was entered on the verdict. The question presented is, Ought a jury to have been permitted to find, under the evidence, that the plaintiff was excused from delivering or offering to deliver the tobacco at the warehouse of the defendants?

The learned judge of the court below, in his .charge, confined the attention of the jury to the transaction of January 18, 1907, and the conflicting testimony of the parties as to what then occurred. The witnesses who testified as to what occurred on that particular day were simply giving their recollection as to what was said orally. That recollection may not have been clear and accurate. The plaintiff was himself uncertain as to the conclusion arrived at, he did not know what the defendants intended to do, and in order to clear up that uncertainty he on January 24 caused his agent and attorney to address a

written communication to the defendants for the purpose of ascertaining their intention and determining his own future course of action. That letter and the written reply thereto were as follows:

"LANCASTER, PA., January 24th, 1907.
"MESSRS. L. P. KIMMIG & Co.,
    "American House,
        "Lancaster, Pa.
"GENTLEMEN:—

"W. B. Sherts of West Lampeter Township has informed me that an agent of your company was at his place last week and stated that you would not receive the crop of tobacco that you purchased on November 10th, 1906, and I hereby give you notice that, unless I hear from you before Saturday of this week, that I will instruct him to re-sell this tobacco and, if he suffers any loss thereby, to hold your company for the difference.

"Very truly yours.
"H. EDGAR SHERTS."

To this letter the defendants sent the following reply on January 25, 1907, which was received by the agent of plaintiff the same day:

"January 25th, 1907.
"H. EDGAR SHERTS, ESQ.,
"DEAR SIR:—

"Replying to your favor of the 24th inst., I beg to state that we will accept all the tobacco for which we have contracted, provided the tobacco is as per contract at time of delivery. The tobacco of each contract will be thoroughly examined by ourselves with the assistance of our men, and if found as per contract will accept, if otherwise will reject.

"Yours truly,
"L. P. KIMMIG & Co."

The plaintiff admitted, at the trial, that his agent and attorney had by his authority and direction sent to the defendants the letter of January 24 and that the reply

of the defendants, dated January 25, was received by his agent on the same day it was written, which was before the Saturday indicated by the letter of the agent of the plaintiff as the time within which the information sought must be furnished. There was no attempt made to explain away these letters by oral testimony, they were written the week after the occurrences of January 18, and were the last words between the parties upon the subject. The plaintiff in opening his correspondence sought for information as to whether the defendants intended to comply with their contract and he very promptly received the information which he desired. There may have been an honest doubt as to the effect of what was said orally on January 18, but there was no ambiguity in the letter which the plaintiff received on January 25. That letter was a plain and explicit notice to the plaintiff that the defendants would perform their part of the contract of November 10, 1906, and that they would require the plaintiff to perform his covenants according to their terms. What had occurred on January 18 thus became immaterial; the plaintiff had invited the written declaration made by the defendants on January 25 and thus opened for them the opportunity to withdraw from any position which they had taken on the former occasion. The letter of January 25 was express notice to the plaintiff that he would be required to perform his written contract according to its terms. This being the case the only thing for the plaintiff to do was to deliver or offer to deliver the tobacco at the warehouse of the defendants. The plaintiff failed to deliver or tender the tobacco according to the terms of the contract; he held no further communication with the defendants, he made no attempt to explain away these letters by oral testimony, and he sold the tobacco to another party without notice to the defendants. He had failed to perform his contract and he was not entitled to recover.

The judgment is reversed and judgment is now entered in favor of the defendants non obstante veredicto.