# American Steel Foundries *v.* Metal Products Co., Appellant.

*Sales—Contracts—Rescission by vendee—Refusal to accept rescission by vendor—Entire contract—Delivery—Duty of vendor.*

In an action on a contract for the manufacture of steel castings and the delivery thereof at a certain designated point, the contract being entire, the plaintiff cannot recover unless he not only makes the castings, but also delivers them at the place mentioned in the contract. Where the contract is entire, before any recovery can be had, the plaintiff must prove that he performed, or was ready to perform, his part of the agreement. Where the rescission of the defendant has been refused by the plaintiff the latter, in order to hold the defendant, must strictly comply with the provisions of the contract.

Steiner v. Turner, 45 Pa. Superior Ct., distinguished.

Argued April 21, 1920. Appeal, No. 48, April T., 1920, by defendant, from judgment of C. P. Beaver County, December T., 1917, No. 50, on verdict for plaintiff in the case of American Steel Foundries v. Metal Products Company. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for goods sold. Before PRATHER, P. J., 30th Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $528.78 and judgment thereon. Defendant appealed.

506 AMERICAN S. FOUNDRIES *v.* METAL P. CO., Appel.

Assignment of Error—Opinion of the Court. [74 Pa. Superior Ct.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*William A. McConnel,* for appellant.—The law is well settled that a contract to sell and deliver goods at a certain place gives no cause of action, unless there be delivery at the place agreed upon: Millard v. Morse, 32 Pa. 506; Norris v. Clark, 29 Pa. Superior Ct. 562; Martin v. Schoenberger, 8 W. & S. 367; Steiner v. Turner, 45 Pa. Superior Ct. 225.

*W. S. Moore,* for appellee, cited: Ballentine v. Robinson, 46 Pa. 177; Henderson v. Jennings, 228 Pa. 192; Winslow Lanier & Co. v. Leonard, 24 Pa. 14; Gonser v. Smith, 115 Pa. 452; Unexcelled Fire Works Co. v. Polities, 130 Pa. 536; Williston on Sales, sec. 561, page 943.

OPINION BY TREXLER, J., July 14, 1920:

On May 4, 1917, the American Steel Foundries through its Pittsburgh office, entered into a contract with the Metal Products Company for the making of the required patterns and the delivery to it of two steel castings at a stipulated price, f. o. b. works of the vendor, with wagon delivery to the Duff Manufacturing Company, Pittsburgh, terms, net cash, thirty days from the date of invoice. On May 18, the point of delivery was changed by the parties to the Taylor-Wilson Manufacturing Company, McKee's Rocks, Pennsylvania. On May 26, 1917, the Metal Products Company by telegram and letter cancelled the order and requested a bill for the work done to date and delivery of the patterns and parts that were finished. On May 28, 1917, in response the plaintiff through its Pittsburgh office advised defendant by mail that they were unable to comply with the request to cancel as the castings had been made and were ready for shipment but it did not send an invoice or deliver the castings. On May 28, 1917, plaintiff by letter from its Chicago office changed the original terms so as to require

a payment of one hundred fifty dollars down and shipment on order with sight draft attached. This received a reply from defendant to the Chicago office requesting a cancellation of the order as there had been a change on the part of the plaintiff of the regular terms of the original contract. No further communication was had between the parties until June 29, when the plaintiff sent to the defendant a bill for the total cost of patterns and castings and requested payment of the full amount of the bill and asked what disposition should be made of the patterns and castings. To this the defendant made no reply. The plaintiff never delivered the castings at the place agreed upon by the parties. The patterns were sent to the Metal Products Company at Beaver but were never received by it, nor was it notified that they were there.

When the defendant endeavored to cancel the contract the plaintiff refused to accept such cancellation. This was a notice from the plaintiff to the defendant that it would hold defendant to the contract. Plaintiff preferred to treat the contract as still existing and it was therefore incumbent upon it to do everything the contract called for unless the defendant by its act relieved them from it. The castings being completed, delivery should have been made. The notice of cancellation recognized the right of the plaintiff to recover for what had been already manufactured, if delivered, or at least left the door open for plaintiff to complete the contract by delivery. If the defendant had stated that it would under no circumstances accept delivery the plaintiff would not be required to do a vain thing and offer something that it beforehand had been advised would be refused. After the notice of cancellation and the refusal of defendant to accept the same, the parties were dealing at arm's length and if plaintiff wished to hold defendant it was required to perform its part of the contract. Delivery was part of the engagement and the contract was not complete until delivery was made. When on June 29,

as stated above, plaintiff sent an invoice to defendant asking payment by return mail which was not in accordance to the contract and requesting instructions as to disposition of the patterns and castings the defendant was not required to reply, for the destination of the castings had been fixed by the parties and the payment for them was to be thirty days from date of invoice. Plaintiff apparently had determined to ship the castings and patterns only after they had been paid for. The plaintiff no doubt had the right to insist upon the carrying out of the contract but the right to recover could only be premised upon performance of the entire contract and a failure to deliver defeated the action.

The case relied upon by the lower court was Steiner v. Turner, 45 Pa. Superior Ct. 225, but we do not think that case covers the one we are considering. It is true that where a vendor appropriates to the vendee a specific chattel and the latter agrees to take it and pay the price named, that is in effect a delivery of the goods, for the appropriation of the property is equivalent to delivery of the physical possession, but this applies as stated in said case, "in the absence of a special undertaking as part of the contract to do something more." In the case before us there was an undertaking to deliver. We are all of the opinion that under the terms of the contract the plaintiff should have tendered performance, and having failed to do this, its right to recover falls.

The assignments of error are sustained. The judgment is reversed and is now entered for the defendant.