# Fairfax Textile Mills, Inc., Appellant, *v.* Feingold et al.

*Contract—Sale—Delivery—Failure to perform term of contract.*

Where a contract in writing for sale of merchandise provides for delivery of the goods f. o. b. at a city mentioned to either a railroad or other common carrier, the vendor, after a refusal of a notice of cancellation of the contract, cannot recover the purchase price of it, if it appears that he did not comply with the terms as to delivery, but merely set aside the goods at his own place of business, ready at all times for delivery.

Argued January 9, 1922. Appeal, No. 38, Jan. T., 1922, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1921, No. 1195, for defendants on question of law raised by affidavit of defense, in case of Fairfax Textile Mills, Inc., v. Alexander S. Feingold et al., trading as Gilt Edge Shirt Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit for goods sold, etc. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Judgment for defendants on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was judgment, quoting it.

*James Yearsley,* with him *Bernard A. Illoway* and *Harry Felix,* for appellant.

*Jerome Bennett, Henry Wessel, Jr.,* and *Charles J. Weiss,* for appellee, were not heard.

PER CURIAM, February 13, 1922:

Plaintiff sued to recover the sum of $5,184 with interest, claimed to be due under a contract for the sale of seventy-two pieces of Burlington shirting to be delivered

"about November-December 1920......f. o. b. New York......The acceptance of a shipment by a railroad or other common carrier, shall constitute a delivery." By letter of November 15, 1920, defendants directed cancellation of the order, to which plaintiff replied, "under no consideration will we cancel the order," but offered to defer delivery until a later date, if so desired. Defendants' reply merely referred plaintiff to their letter of November 15th. The statement of claim sets out the contract and that plaintiff "set aside for the defendants at [its] place of business the said seventy-two pieces of Burlington shirting and [has] at all times been ready, willing and able to deliver the same." The affidavit of defense in the form of a demurrer raised questions of law based on plaintiff's failure to make delivery f. o. b. New York to either a railroad or other common carrier. This it failed to do. The setting aside of the goods at its place of business was not a compliance on its part with the terms of the agreement. Plaintiff having treated the sale as an existing contract and having failed to comply with the conditions imposed upon it cannot now recover for the price of the merchandise: American Steel Foundries v. Metal Products Co., 74 Pa. Superior Ct. 505.

The judgment is affirmed.