# Harris & Konick. Appellants, *v.* Gottlieb.

*Sales—Delivery — Failure to deliver — Contracts — Evidence — Sufficiency—Case for jury—Judgment non obstante veredicto.*

In an action by the vendees of certain merchandise to recover payments advanced on account, because of failure on the part of the vendor to deliver the goods contracted for, the following evidence was held sufficient to require submission of the case to the jury. The defendant represented that he could make delivery within a week or ten days. The terms of sale were one-half cash in advance, the balance in 30 days. The cash payment was made and a note given for the balance. The goods were not delivered when the thirty days expired but the vendor promised delivery the,

next day and thereupon the vendee gave a new note for another thirty days. The goods were not delivered in accordance with the second promise. The vendees subsequently notified the vendor of a desire to cancel the contract and demanded the return of their cash payment and of their note. The vendor then offered delivery if vendees would pay their note which was not yet due at that time. This evidence being sufficient to require submission of the case to the jury, and to warrant a verdict for the plaintiffs, it was error to enter judgment for the defendant non obstante veredicto.

When a vendor sells goods for half cash and half upon the credit of the purchaser, and agrees to deliver the goods as soon as they arrive, he cannot insist upon retaining possession until the time for which he has extended credit shall have expired in the absence of a covenant giving him that right.

Argued October 5, 1922. Appeal, No. 57, Oct. T., 1922, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 7250, in favor of defendant non obstante veredicto in the case of Harry Harris and Joseph Konick, trading as Harris & Konick, v. Isador Gottlieb. Before PORTER, HENDERSON, TREXLER, KELLER and GAWTHROP, JJ. Reversed.

Assumpsit to recover moneys paid on account of contract. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $694.38. Judgment was subsequently entered for defendant non obstante veredicto. Plaintiffs appealed.

*Error assigned* was the judgment of the court.

*David S. Malis,* for appellants.—The defendant failed to perform his duty to deliver the goods: American Steel Foundries v. Metal Products Co., 74 Pa. Superior Ct. 505; Fairfax Textile Mills v. Feingold, 273 Pa. 73.

*Jacob Weinstein,* and with him *J. Henry Spivak,* for appellee.—The appellants are bound by their pleadings

and having set up a "belated tender" of the goods are estopped to contend that there was no tender or delivery: Gibson v. Rowland, 35 Pa. Superior Ct. 158; Riley v. Pittston Coal Mining Co., 224 Pa. 638.

OPINION BY PORTER, J., July 12, 1923:

The plaintiffs in this action of assumpsit seek to recover the amount of the cash payment, made in advance, upon a purchase from the defendant of a lot of "Universalkloth," which they alleged the defendant had failed to deliver as by the contract required. Plaintiffs recovered a verdict at the trial, but the court entered judgment in favor of the defendant non obstante veredicto, which action is here assigned for error.

The only question which we are called upon to consider is the sufficiency of the evidence favorable to the plaintiffs to require the submission of the case to the jury. The evidence warranted a finding of the following facts. The contract was made on July 30, 1920. The defendant represented to the plaintiffs that he had the bill of lading for the merchandise, which was then in transit from Monroe, North Carolina, and would arrive within a week or ten days; the price was agreed upon and the plaintiffs paid one-half of the amount in cash, by check, and gave their negotiable promissory note, at thirty days, for the other half of the amount. The shipment did not arrive within the ten days, but the plaintiffs continued after that date to urge the defendant to expedite the delivery and were assured by defendant that they might expect delivery from day to day. When the promissory note became due the plaintiffs refused to pay it for the reason that they had not received the goods, and at the same time demanded a return of the money which they had paid. The defendant told the plaintiffs that he had the bill of lading for the goods, that the shipment had been lost in transit but that he had found where it had been lost, "and it is going to be here to-morrow, positively." With this assurance that the goods

were to be delivered the next day, the plaintiffs renewed the promissory note for another thirty days. The goods were not delivered according to the terms of this final agreement, and after waiting some days the plaintiffs notified the defendant of the cancellation of the contract, and demanded the return of the money which they had paid and of the promissory note which they had given. The defendant never did deliver the goods nor make any offer so to do. There was a conflict of evidence as to some of the facts above stated, but the finding of the jury was in favor of the plaintiffs, which was by the evidence fully warranted. It may here be noted that this action was not brought until February 3, 1921.

Delivery was part of the engagement of the defendant and his obligation was not complete until delivery was made, or tendered. The learned counsel for the appellee argued with great ingenuity that under the pleadings in the case the defendant was not required to make delivery. The pleadings were not offered in evidence, but if they had been they would have disclosed that the defendant asserted in his affidavit of defense that it had been agreed, "that as soon as the goods arrived from the mill, he (defendant) would deliver same to the plaintiffs." The invoice dated July 30, 1920, sent by the defendant to the plaintiffs, was admitted in evidence. It stated the sale to have been made by the defendant to the plaintiffs, described the goods, stated the price, the terms of payment and concluded "Goods to be delivered as soon as arrive." There can be no question under the evidence that the defendant was to deliver the goods to the plaintiffs. After the plaintiffs, in September, 1920, notified the defendant of the cancellation of the contract and demanded a return of the money and note which they had given in advance payment for the goods and the refusal of the defendant to accept the cancellation, the parties were dealing at arm's length and if the defendant wished to hold the plaintiffs he was required to perform his part of the contract. He could not keep the money

which the plaintiffs had paid without tendering delivery of the goods: American Steel Foundries v. Metal Products Co., 74 Pa. Superior Ct. 505; Fairfax Textile Mills v. Feingold, 273 Pa. 73. The pleadings, as we have said, were not offered in evidence, but have been discussed at length by the learned counsel for the appellee in his brief. If they had been offered in evidence they would have tended to show that the defendant never had made such offer to deliver the goods as by the contract required, for in the ninth paragraph of his affidavit of defense he asserts that, when the merchandise did arrive from the mill, on or about September 22d, he "offered to deliver said merchandise to the plaintiffs upon payment to him of the trade acceptance of $649.89" and that plaintiffs refused to make payment of said trade acceptance. It clearly appears, from the evidence, as well as the affidavit of defense, that the trade acceptance, which was the promissory note of the plaintiffs, did not become due until the first day of October, 1920. The defendant made his tender of delivery conditioned upon the payment by the plaintiffs of money which was not due, a condition which under the terms of the contract he had no right to impose. When a vendor sells goods for half cash and half upon the credit of the purchaser and agrees to deliver the goods as soon as they arrive, he cannot insist upon retaining the goods until the time for which he has extended credit has expired, in the absence of a covenant giving him that right. The conflicting evidence was of such a character as to require the submission of this case to the jury and the learned court below erred in entering judgment in favor of the defendant notwithstanding the verdict.

The judgment is reversed and the record remitted to the court below with direction to enter judgment upon the verdict in favor of the plaintiffs.