# Leonard Seed Company *v.* Lustig Burgerhoff Company, Appellant.

*Contracts—Sales of personal property—Uniform Sales Act of May 19, 1915, P. L. 543—Cancellation—Breach of contract—Measure of damages.*

Where a buyer seeks to cancel the contract for the sale of personal property, the seller, at the time specified therein, may make

delivery according to the terms thereof, or may accept the declaration of the buyer to the effect that under no circumstances would the goods be accepted, and may thereupon recover by way of damages, the difference between the market price, at the time of the declaration, and the contract price.

The seller cannot retain the goods until they have become worthless, and then recover the entire amount of the contract price for its damages.

*Practice—Assumpsit—Statement of claim—Judgment for want of sufficient affidavit of defense.*

In an action of assumpsit for breach of contract, judgment in favor of the plaintiff, for want of a sufficient affidavit of defense, will be reversed, where the seller's statement of claim endeavored to fix the damages, as of a date long after the time specified for the completion of the contract, and the buyer's affidavit of defense endeavored to fix the damages of the seller as of the date when the buyer attempted to cancel the order. Under such circumstances the court below had not before it such statements of facts as would justify the entry of judgment.

Argued March 7, 1923. Appeal, No. 29, March T., 1923, by defendant, from order of C. P. Lackawanna Co., May T., 1921, No. 292, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of Leonard Seed Company v. Lustig Burgerhoff Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit for damages for breach of contract. Before NEWCOMB, J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense. Defendant appealed.

*Error assigned* was the judgment of the court.

499, (1923).]   Arguments—Opinion of the Court.

*Thomas P. Duffy,* and with him *Joseph F. Gilroy,* for appellant.—The seller intending to stand on the contract must comply fully with the terms thereof, and make delivery at the time and place therein specified. A mere notice of an intended breach is not of itself a breach of the contract: Zuck v. McClure, 98 Pa. 541; Barber Milling Company v. Leichthammer B. Company, 273 Pa. 90; Woldent Grocery Company v. Wilkinson, 39 Pa. Superior Ct. 100.

*Joseph F. Gunster,* of *Jessup, Gunster* and *Rose,* for the appellee.

OPINION BY TREXLER, J., July 12, 1923:

The Leonard Seed Company on March 12, 1920, entered into a written contract with the defendant wherein it agreed to hold and to ship about March 1 to 15, 1921, f. o. b. Chicago 200 bushels of onion sets, payment to be made on presentation of sight draft, bill of lading attached showing delivery on cars in good condition. It was stipulated that the contract could not be cancelled by the purchaser without the written consent of the seller. On January 24, 1921, the purchaser by letter requested the seed company to cancel the order. This was followed by another letter in which the purchaser stated "we will not under any circumstances accept this lot of onion sets" and directed the seller not to ship same. Cancellation was refused by the seller who informed the purchaser that the onions would be held in storage on its account. On March 5, 1921, which it will be noticed was the approximate date when the onions were to be shipped, the seed company notified the purchaser that it held the onions awaiting shipping instructions. On June 22, 1921, written notice was given to the purchaser that the onions had rotted and were a menace to health and that complying with the sanitary regulations of the city they would be dumped on July 1st unless paid for and shipping instructions given. The damages claimed by the

plaintiff, the Leonard Seed Company, was the price of the onions as per contract. The affidavit of defense admits all the facts as set forth above, but avers that on January 24, 1921, when the contract was cancelled the merchandise had a market value equal to the contract price and should have been sold in the open market. The court considered the affidavit insufficient and entered judgment for the plaintiff.

It is evident that the cancellation by the buyer was not effective unless accepted by the seller and not being accepted, the market price of the commodity at that time could not be used to fix the seller's loss, if any there was. The seller could stand by the contract and abide the time when the goods were to be delivered. This it did and then notified the defendant as stated above that it held the goods awaiting shipping instructions. Had it a right to do this or was it required to sell the merchandise in the open market or at least give credit for it at the current or market price and thus reduce the defaulting purchaser's loss? We regard defendant's affidavit as insufficient, but we are also constrained to hold that the plaintiff's statement will not sustain judgment for the contract price of the goods. When the time came for delivery it could have put the merchandise f. o. b. Chicago and thus fulfilled its contract and made delivery according to its terms, or it could have accepted the declaration of the purchaser that it would under no circumstances accept the onions and recover the difference between the market price at that time and the contract price, for its damages. It had the right to treat the notice of intention to cancel as inoperative and to await the time when the contract was to be executed, but as was said in Zuck v. McClure, 98 Pa. 541, "in that case he [the seller] keeps the contract alive for the benefit of the other party as well as his own." Under section 64, Uniform Sales Act of May 19, 1915, P. L. 543, when the buyer refuses to accept, "where there is an available market for the goods in question, the measure of damages is, in the absence of

special circumstances showing proximate damage of a greater amount, the difference between the contract price and the market or current price at the time or times when the goods ought to have been accepted." We see no justification for the plaintiff's retaining the onions until July 1st and alleging that at that date they were worth nothing. The allegation that they had no value on July 1st could not be made the basis of a judgment for the damages occurring on the date of the breach of the contract i. e. about March 5th. Neither can the neglect of the defendant to give shipping instructions be properly urged in support of the retention of the merchandise after the date set for delivery, for the contract named Scranton as the destination and no shipping instructions were necessary. The appellee cannot show by any reference to the written contract that the parties contemplated that the vendor should hold the goods for the defendant's account after the date fixed for delivery. It is urged that the second clause of section 53 of Uniform Sales Act, supra, allows a retention of the goods. That clause reads as follows, "where the property in goods has not passed to the buyer, the unpaid seller has, in addition to his other remedies, a right of withholding delivery similar to and coextensive with his rights of lien and stoppage in transitu where the property has passed to the buyer." We do not think this clause has any application to the case before us. There was a definite contract here as to how payment of the goods was to be made. There was no allegation that the goods were held in order to enforce payment and that was not the subject of the controversy between the parties. The method of collection of the price of the onions was to be by sight draft with bill of lading attached. It will be seen by reference to section 54 of the above act that the unpaid seller of goods has the right of retention inter alia "where the goods were sold without any stipulation as to credit."

The buyer erred in fixing the damages of the plaintiff as of the date when the buyer attempted to cancel the order. The seller erred in fixing the damages as of a date long after the time fixed for the completion of the contract by the delivery of the goods. The court, therefore, had not before it such statements of facts as would justify the entry of judgment.

The judgment of the lower court is reversed. Procedendo awarded.