## Clavan, Appellant, v. Herman et al.

*Contract—Sales—Cancellation—Acceptance—Refusal to accept offer to deliver—Demand of new terms—Act of May 19, 1915, P. L. 543—Damages.*

1. Where a contract of sale provides for delivery of goods at the buyer's place of business, the seller cannot, after having delivered a quantity of them, refuse further deliveries and demand that future deliveries and inspection should be made at his own place of business, and payment made before delivery.

2. A mere request to cancel, or notice of intention not to perform falls short of a cancellation or breach of contract unless and until accepted and acted upon by the other party.

3. Where a buyer, after a certain portion of the goods have been delivered to him, requests that the balance of the order be cancelled, the seller may accept the cancellation, if he so desires, and so place himself in a position to claim from the buyer damages to the amount of the difference between the contract price and the market value of the goods at the time and place of delivery.

4. If the seller does not accept the cancellation, he is not in a position to claim that the contract was terminated.

5. If he expressly repudiates the buyer's attempt at cancellation, and the buyer thereupon withdraws his request and signifies his intention to accept the goods, the seller is bound to offer to deliver them before he is in position to sue for the purchase price.

6. A mere suspicion by the seller that the buyer was not acting in good faith in his request for the delivery, is not sufficient to relieve him from his duty to deliver the goods.

7. The seller, after refusing to deliver the goods, cannot justify an action for the purchase price under section 63, paragraph 3, of the Sales Act of May 19, 1915, P. L. 543.

Argued November 25, 1925.   Appeal, No. 346, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 5, Phila. Co., June T., 1920, No. 5228, for defendant n. o. v., in case of Harry E. Clavan, trading as Penn-Mar Knitting Co. v. Samuel Hermann and Samuel Fisher, trading as I. Fisher Son & Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Assumpsit for purchase price of goods, not accepted nor paid for by defendant.   Before MARTIN, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff on which judgment was entered for defendant n. o. v.   Plaintiff appealed.

*Error assigned* was, inter alia, judgment for defendant n. o. v.

*Ruby R. Vale,* with him *A. E. Hurshman* and *Robert B. Greer,* for appellant.—While the verdict of the jury is conclusive of plaintiff's performance in the delivery of the merchandise, yet it should be pointed out that plaintiff urged at the trial that defendants, having exercised acts of ownership over the merchandise and resold it, in law accepted the same and cannot, after the lapse of a month and a half, say that the goods are not up to sample; in short, plaintiff urged that the right of precedent inspection had thereby been waived.

This principle is directly in accord with section 48 of the Uniform Sales Act and is illustrated by Luella Coal Co. v. Gano, 61 Pa. Superior Ct. 37; Armstrong v. Descalzi, 48 Pa. Superior Ct. 171, 182; Krauskopf v. Finishing Co., 26 Pa. Superior Ct. 506; Werbitsky v. Fisher, 64 Pa. Superior Ct. 284.

Defendants could not subsequently revoke their cancellation after plaintiff had ended the contract because of defendants' breach, and demand delivery of the merchandise for inspection.

The defendants' subsequent revocation of the cancellation was also for the jury: McHenry v. Bulifant, 207 Pa. 15; Whiteside v. Winans, 29 Pa. Superior Ct. 244; Gill v. Ben. Assn., 36 Pa. Superior Ct. 458; Jennings v. Grand Fraternity, 67 Pa. Superior Ct. 139; Rees v. Bowers, 280 Pa. 474.

If the jury found, on conflicting facts and inferences from evidence, partly oral and partly written, that plaintiff had ended the contract because of defendants' wrongful breach, plaintiff could recover the contract price of the goods.

*Samuel J. Gottesfeld,* for appellee.—Vendor's refusal to agree to cancellation and his insistence on performance kept the contract alive as to both parties and continued vendor's obligation to deliver as condition precedent to any right of action by him: Zuck v. McClure, 98 Pa. 541; Ætna Explosive Co. v. Alkali Co., 277 Pa. 392; Am. Steel Foundry v. Prod. Co., 74 Pa. Superior Ct. 505; Fairfax Textile Mills v. Feingold, 273 Pa. 73; McGuire v. Johnston, 207 Pa. 592; Harris v. Gottlieb, 81 Pa. Superior Ct. 186; Shamlian v. Waxman, 80 Pa. Superior Ct. 73; Frank Pure Food Co. v. Dodson, 281 Pa. 125; Barber Milling Co. v. Leichthammer, 273 Pa. 90; Woldert Grocery Co. v. Wilkinson, 39 Pa. Superior Ct. 100; Huessener v. Fishel & Marks Co., 281 Pa. 535.

All facts relating to the buyer's request for cancellation, the seller's rejection thereof, the latter's insistence on completion of the contract, and the buyer's withdrawal of his request for cancellation and his assurance that he would accept and pay for the goods, are all in writing; there was no oral discussion between the parties. Their construction and the inferences to be drawn from them are therefore for the court: Harris v. Gott-

lieb, 81 Pa. Superior Ct. 186; Sherts v. Kimmig, 44 Pa. Superior Ct. 90; Shamlian v. Waxman, 80 Pa. Superior Ct. 73; Hickman v. Wayne Steel Co., 280 Pa. 540; American Tube & Steel Co. v. Erie, 281 Pa. 10.

It is not a question of inference at all as to whether the buyer meant what he said in his letters, withdrawing his request for cancellation and asking for delivery. The situation would have been the same and the right of the seller to the contract price would have been denied to him under the circumstances, even though the buyer had not specifically withdrawn his request for cancellation. In at least five of the cases which we have considered it was so held, as long as the seller refused to accept the buyer's cancellation of the contract: Zuck v. McClure, 98 Pa. 541; Am. Steel Foundries v. Products Co., 74 Pa. Superior Ct. 505; McGuire v. Johnston, 207 Pa. 592; Harris v. Gottlieb, 81 Pa. Superior Ct. 186; Fairfax Textile Mills v. Feingold, 273 Pa. 73; Baltimore Brick Co. v. Coyle, 18 Pa. 186; Barnett v. Becker, 25 Pa. Superior Ct. 22; Hooper v. Bromley, 11 Pa. Superior Ct. 634; Leonard Seed Co. v. Lustig Burgerhoff Co., 81 Pa. Superior Ct. 499; Dodd v. Stewart, 276 Pa. 225.

OPINION BY MR. JUSTICE FRAZER, January 4, 1926:

Plaintiff sued to recover the purchase price of three hundred dozen pairs of men's hose, being the balance of an order for one thousand dozen, seven hundred of which had been delivered, accepted and paid for by defendants. The jury found for plaintiff for the full amount claimed, the court however subsequently entered judgment for defendants non obstante veredicto on the ground that plaintiff failed to perform his part by making or tendering delivery of the goods and that his remedy, if any, was not to recover the purchase price, but for damages for breach of contract. Plaintiff appealed.

The contract, which was oral, specified 500 dozen hose at $9 a dozen and 500 dozen at $10 a dozen, making a total price of $9,500. The order was confirmed by let-

ter giving specifications but saying nothing as to time and place of delivery. It is admitted, that the sale was by sample and deliveries were to be made and were in fact made as requested by defendant from time to time and at the latter's place of business. After 700 dozen had been delivered and paid for, defendants received complaints from their customers as to the quality of the goods, and requested plaintiff to withhold further shipment until some time in May, 1920. On May 28th, defendants wrote plaintiff saying their customers declined to accept and pay for the goods already delivered for reasons stated, and that further shipments would not be accepted, adding, "we will therefore kindly ask you to consider the balance of the order cancelled." Plaintiff replied immediately, saying, "we will positively not accept your cancellation on the three cases style 1060 and we will only give you a few days' time to lift these goods or we will take such action as the law will allow," and followed this a week later by a letter to the effect that they were enclosing a bill for the goods "on hand and will ask you to receive them at once." Defendants then reconsidered their decision with regard to acceptance of the hose and ten days later wrote plaintiff requesting that he "ship the merchandise to us at once. We will make an immediate inspection and if the goods are in accordance with sample we will undoubtedly accept them." These letters were followed by further correspondence between attorneys for the respective parties. Plaintiff refused to deliver the goods at defendants' place of business but offered to permit inspection on his own property before transfer, and after such inspection make delivery on condition they were paid for before removal from plaintiff's premises. Finally, on July 1st, counsel for defendants wrote plaintiff as follows: "Please be advised that my clients do not care to have this order standing indefinitely uncompleted. This is notice to you that unless said merchandise is delivered to my clients by Thursday, July 8, 1920, my clients will con-

sider the contract terminated and rescinded by you."
Plaintiff testified he refused to deliver the goods unless
defendants made payment in advance, and his attorney,
who testified in plaintiff's behalf, stated plaintiff refused
to deliver because he considered the contract cancelled
by defendants' letter of May 28th. From the foregoing
statement of facts plaintiff was clearly in default in per-
fomance of his part of the contract by refusing to deliver
the goods when requested by defendants and by insist-
ing upon inserting new terms in the contract providing
for delivery and inspection at plaintiff's place of business,
and requiring payment of the consideration and inspec-
tion in advance of delivery. Consequently, we need only
consider whether plaintiff's failure to perform was ex-
cused by the notice contained in the letter of May 28th,
requesting him to cancel the undelivered part of the
order.

Upon receipt of the letter in question, plaintiff had
the right to accept it as a breach of the contract and sue
for resulting damages. Acceptance of the breach would
have absolved him from further performance or tender
of performance on his part, and placed him in position
to claim from defendants damages to the amount of the
difference between the contract price and the market
value of the goods at the time and place of delivery:
Frank Pure Food Co. v. Dodson, 281 Pa. 125, 129, and
cases cited. A mere request, however, to cancel a con-
tract, or notice of intention not to perform, falls short of
a cancellation or breach of contract unless and until
accepted and acted upon by the other party. When de-
fendants sent to plaintiff the letter of May 28th, re-
questing cancellation of the balance of the order, plain-
tiff not only refused to accept such cancellation, but ex-
pressly notified defendants he would expect the contract
to be carried out in accordance with its terms. In the
face of this positive refusal to permit a cancellation,
plaintiff is not now in position to claim the contract was
terminated. Even if doubt had remained as to the effect

of the two letters it was effectually removed by defendants' change of attitude and conclusion to carry out the contract as indicated in the letter of July 1st. The following language of this court in Zuck v. McClure, 98 Pa. 541, 545, is pertinent to the facts of the present case: "A mere notice of an intended breach is not of itself a breach of the contract. It may become so if accepted and acted on by the other party. If the defendants had accepted the plaintiff's notice of breach contained in their letter of November 19th and acted upon it, there would plainly have been a breach of the contract. The plaintiffs in such case could not have relieved themselves by commencing to deliver the coke on December 1st, but must have been held to all the legal consequences of the breach. The defendants, however, on December 4th, still insist upon compliance. They say 'they are now prepared to receive said coke under said contract.' This certainly kept the contract alive as to both parties. The plaintiffs could have gone on and delivered the coke on December 4th, in which case there would have been no breach and no damages. The notice of an intention not to perform the contract, if not accepted by the other party as a present breach, remains only a matter of intention, and may be withdrawn at any time before the performance is in fact due. But, if not in fact withdrawn, it is evidence of a continued intention to refuse performance down to and inclusive of the time appointed, for performance: Ripley v. McClure, 4 Ex. 345; Leak on the Law of Contracts 873. The promisee may treat the notice of intention as inoperative and await the time when the contract is to be executed, and then hold the other party responsible for all the consequences of nonperformance. But in that case he keeps the contract alive for the benefit of the other party as well as his own; he remains subject to all his own obligations and liabilities under it, and enables the other party not only to complete the contract, if so advised, notwithstanding his previous repudiation of it, but also

to take advantage of any supervening circumstance which would justify him in declining to complete it: Leak on Contracts, supra."

To the same effect are the more recent cases of Fairfax Mills v. Feingold, 273 Pa. 73, 74; Frank Pure Food Co. v. Dodson, 281 Pa. 125, 130; Huessener v. Fishel & Marks Co., 281 Pa. 535, 539.

It is strongly contended, that plaintiff had reason to believe the subsequent offer of defendants to accept and pay for the goods if in accordance with sample was not made in good faith, and that there was really no intention to accept them and the question of good faith was accordingly for the jury. The obvious answer to this is that the good faith of the buyer is always an element to be considered by the vendor in making shipment and a mere suspicion that the goods might not be accepted has never been held a sufficient excuse to justify a failure of the vendor to perform his part. Furthermore, if defendants had not expressly signified their intention to accept the goods, plaintiff nevertheless was bound, under the cases cited above, to offer to deliver before being in position to sue for the purchase price.

Plaintiff seeks to justify this action for the purchase price under section 63, paragraph 3, of the Sales Act of May 19, 1915, P. L. 543, 561, which provides as follows: "Although the property in the goods has not passed, if they cannot readily be resold for a reasonable price......the seller may offer to deliver the goods to the buyer, and, if the buyer refuses to receive them, may notify the buyer that the goods are thereafter held by the seller as bailee for the buyer. Thereafter the seller may treat the goods as the buyer's and may maintain an action for the price."

Omitting any discussion of the question whether the goods were readily saleable at a reasonable price, plaintiff did not offer to make delivery, neither did the buyer refuse to receive them. On the contrary, the

evidence is that plaintiff did not offer to deliver, notwithstanding notice by the buyers of their willingness to receive the hose and that, unless delivery was made within a stated time, the contract would be treated as broken. It is true plaintiff notified defendants the goods could be seen and inspected on his premises but this was not a compliance with his agreement: Fairfax Textile Mills, Inc., v. Feingold, supra. Plaintiff thus failed to bring his claim within the provisions of the act, nor were other facts shown tending to bring it within any exception to the general rule fixing the measure of damage for failure to receive and pay for goods as the difference between the contract, and market price at the time and place of delivery. Further discussion of this question is unnecessary, however, owing to the failure of plaintiff to perform or tender performance of his part of the contract.

The judgment is affirmed.