## Jameson *v.* Jameson, Appellant.

*Practice, C. P.—Statement of claim—Affidavit of defense—Admissions—Evidence—Sufficiency of proof—Practice Act of 1915.*

Upon the trial of an issue in assumpsit where plaintiff undertook to put before the jury certain facts which were alleged in plaintiff's statement, and not denied in the affidavit of defense, the following practice was adopted by the trial court as substantial compliance with the rule suggested by the Chief Justice in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428.

Plaintiff's counsel offered in evidence and read the first paragraph of the statement of claim. He then stated: "That is ad-

254, (1922).]     Syllabus—Statement of Facts.

mitted in the affidavit of defense." The court would not permit the reading of the first paragraph of the affidavit of defense beyond the admission referred to for the reason that the balance of the paragraph was not responsive to the corresponding paragraph of the statement.

Plaintiff's counsel then offered and read paragraph two of the statement and added: "Paragraph two of the affidavit of defense says: 'Admitted.'"

The offer and reading of seven other paragraphs then followed, without reference to the affidavit of defense, and the court then said: "These offers in evidence are admitted."

The affidavit of defense, which was not further read, contained simply the word "Admitted" as to each of these paragraphs.

Counsel for defendant excepted on the ground that the affidavit of defense was not offered in evidence as required by the Supreme Court under the rule suggested in the case of Buehler v. U. S. Fashion Plate Co., supra.

*Held:* Some latitude must be allowed the trial judge and counsel, and the Superior Court will not be hypercritical where the methods pointed out by the Chief Justice have been substantially followed.

*Practice, C. P.—Judgment on the whole record—Failure to produce testimony.*

Where the plaintiff produced evidence warranting the direction of a verdict in her favor, and defendant produced no testimony, the defendant is not entitled to judgment on the whole record as to issues he has raised on the pleadings in the absence of any evidence to support his averments.

Argued October 16, 1922. Appeal, No. 166, Oct. T., 1922, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1920, No. 7023, on verdict for plaintiff in the case of Elizabeth Ritchey Jameson v. Harry B. Jameson. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money due upon certificate of a fraternal beneficial association. Before FERGUSON, J.

Plaintiff and defendant both made claim to the proceeds of a certificate issued by a fraternal beneficial association to plaintiff's husband, the father of defendant. The certificate was in the possession of defendant, but plaintiff was the beneficiary. The beneficial association,

having been sued, paid the money into court and ruled the parties to interplead to determine the issue as between themselves.

Defendant's counsel was unable to get in touch with him and asked a continuance which was refused. Defendant produced no testimony.

The court directed a verdict for plaintiff in the sum of $1,276.59 and subsequently entered judgment thereon. Defendant appealed.

*Errors assigned* were various rulings of the court as to the admission of parts of the pleadings in evidence, the charge of the court, the action of the court in directing a verdict for plaintiff, and in refusing to direct a verdict for defendant or to enter judgment for defendant non obstante veredicto.

*Benjamin H. Ludlow,* and with him *Powell, Ludlow & Schaeffer,* for appellant.—The practice required by the suggestion of the Supreme Court not having been followed there was no evidence before the court to sustain the verdict and judgment for plaintiff: Farbo v. Caskey, 272 Pa. 573.

Defendant was entitled at least to be reimbursed for payments made by him to keep the insurance alive: Wegman v. Smith, 16 W. N. C. 186; Hoffman v. Hoke, 122 Pa. 377; Taussig v. U. S. Sec. Life Ins. Co., 231 Pa. 16; Birnie v. Birnie, 67 Pa. Superior Ct. 74.

*J. B. Colahan,* for appellee.—The practice adopted as a substantial compliance with the rule suggested in Buehler v. Fashion Plate Co., 269 Pa. 428, and the case of Farbo v. Caskey, 272 Pa. 573, is distinguishable on its facts and not applicable.

A creditor of the insured cannot deprive the duly appointed beneficiary of the benefits of a certificate in a beneficial association: Ogle v. Barron, 247 Pa. 19; Heasley v. Heasley, 191 Pa. 539; Fisk v. Equitable Aid

Union, 20 W. N. C. 290; Algeo v. Fries, 27 Pa. Superior Ct. 157.

OPINION BY GAWTHROP, J., December 14, 1922:

The seventeen assignments of error present but two questions. The first is whether plaintiff put before the jury in a proper way facts averred in the statement of claim and not denied in the affidavit of defense. We are of opinion that counsel for plaintiff substantially complied with the rule as recently stated by the Chief Justice in Buehler v. U. S. Fashion Plate Co., 269 Pa. 428, and followed in Farbo v. Caskey, 272 Pa. 573. As there pointed out, one of the three ways of proving facts so averred is, "By offering in evidence specific parts of the statement of claim, with what counsel conceive to be the replies thereto contained in the affidavit of defense, and having the facts thus sought to be established placed on the notes of trial as admitted, because averred in the statement and not denied in the affidavit of defense." In the case before us, certain paragraphs of the statement were offered in evidence in order. After reading paragraph one and offering it in evidence, plaintiff's counsel said: "That is admitted in the affidavit of defense." Defendant's counsel remarked: "It is admitted and explained." The court said: "I will not permit the remainder of paragraph one of the affidavit of defense to go into evidence, because the only averment in paragraph one in the plaintiff's statement of claim is that the parties entered into a written contract of insurance, a correct copy of which is annexed to the statement of claim, and that is admitted by the affidavit of defense." Paragraph two was offered and read. This was followed by counsel's statement: "Paragraph two of the affidavit of defense says: 'Admitted.'" The offer and reading of paragraphs three, four, five, seven, eight, nine and ten followed and without objection by counsel for defendant, the court said: "Those offers in evidence are admitted." Counsel for defendant took an exception on the ground

that the affidavit of defense was not offered in evidence as required by the Supreme Court in Buehler v. U. S. Fashion Plate Co., supra. The only modification of the offers, which the strictest compliance with the opinion in that case suggests, would have been the offering of the words of the affidavit of defense which plaintiff's counsel conceived to be the replies to his offers. In this case it would have resulted in the offer of the word "admitted" after the offer of each paragraph of the statement. Doubtless this would have been done by counsel for plaintiff or would have been required by the learned trial judge had counsel for defendant objected at the time the offers were made. We think, however, that what was done amounted to the same thing and was a substantial compliance with the practice outlined in Buehler v. U. S. Fashion Plate Co. No particular formality need be observed in offering the averments and admissions in evidence, so long as every purpose of the rule laid down by the Chief Justice has been served. Some latitude must be allowed the trial judge and counsel in following this rule and this court will not be hypercritical where the methods pointed out by the Chief Justice have been substantially followed, as they were here. The objection now raised appears to us without merit.

The second question is whether defendant was entitled to judgment on the whole record. The proceeding was interpleader to determine the right to the proceeds of a certificate issued by a beneficial association to William Henry Jameson. Plaintiff is the member's widow. Defendant is his son. At the trial the certificate was offered in evidence. It showed that the proceeds were payable to Mary Eliza Jameson, the first wife of William Henry Jameson. This was followed by proof of an agreement between the original association and certain other associations which succeeded it and took over its obligations. Under this agreement certificate holders became bound by the constitution and by-laws of the original organization. The constitution and by-laws

were placed in evidence. They provided that persons of certain classes may be designated by the member as beneficiary and that if the designation of the beneficiary shall fail, then the benefits are to be paid to the persons mentioned in the first class, section eleven, law one, in the shares and order of precedents as therein enumerated. The first class of beneficiaries comprises the wife or husband of a member, if living. In our case, the beneficiary named was the wife of the member. She died and the present plaintiff is the member's second wife. An examination of the evidence shows that plaintiff placed upon the record proofs consisting of documentary evidence and admissions, which warranted the direction of a verdict for plaintiff. The effect of the issue raised in that part of the affidavit of defense in which defendant sets up that he paid a large amount of money for premiums on the certificate at the request of his father, is not before us, as defendant produced no testimony.

For these reasons all the assignments of error are overruled, and the judgment of the court below is affirmed.