# The Poole Engineering and Machine Company, Appellant, *v.* Jeddo-Highland Coal Company.

*Sales—Goods ordered to be specially manufactured—Refusal to accept—Action for purchase price—Evidence—Admissions in affidavit of defense—Sections 63 (3) and 64 (4) of the Sales Act of 1915.*

In an action of assumpsit under Section 63 (3) of the Sales Act of 1915, P. L. 543 for the purchase price of goods specially manufactured by plaintiff on defendant's order, the evidence established that the order was cancelled by defendant who alleged that

the goods were not completed within the time required by the contract. Plaintiff failed to prove by competent evidence that the goods were completed or tendered for delivery and acceptance refused or that defendant was notified that the goods were held by plaintiff as bailee for the defendant. In such case, a finding for the defendant will be sustained.

The lack of oral proof cannot be supplied by alleged admissions in the affidavit of defense, where such admissions were not formally offered in evidence.

If the goods were not practically completed when defendant cancelled the order, and labor or expense to a material amount was required to complete them, the action should have been for damages under Section 64 (4) of the Sales Act.

Argued March 6, 1928. Appeal No. 35, February T., 1928, by plaintiff from judgment of C. P., Luzerne County, July T., 1924, No. 112, in the case of The Poole Engineering and Machine Company v. Jeddo-Highland Coal Company. Before HENDERSON, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for purchase price of goods under Section 63 (3) of the Sales Act of 1915, P. L. 543. Before JONES, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found for defendant. Plaintiff appealed.

*Error assigned* was the judgment of the court.

*Adrian H. Jones,* for appellant.

*John H. Bigelow,* for appellee.

OPINION BY KELLER, J., April 16, 1928:

On May 18, 1923, the defendant telegraphed the plaintiff asking how soon it could ship twenty-four spur gears, catalogue numbers 3029 and 1866, twelve of each. The plaintiff replied the same day, that it could ship the gears specified in from two to three weeks if ordered at once. The next day the defendant entered

its order by wire, and asked the plaintiff to ship two pairs by express at the earliest possible moment; and on May 21 confirmed the order by letter, giving explicit directions as to the size and style of gears wanted, asking for the shipment of two pairs by express as early as possible, and stating its understanding that complete shipment would be made in about three weeks. On June 21, defendant wrote plaintiff referring to its order above and to plaintiff's telegram promising complete shipment in from two to three weeks, and its own request that two pairs be shipped by express as early as possible, and said, "We have received no notification of shipment and write to inquire what we may expect." Plaintiff answered four days later, regretting that shipment of two pairs of gears had not yet gone forward, but stating, "However, we expect to send you two pair on Wednesday of this week [June 27], the balance of the order to follow on July 2d." On June 28, defendant wired plaintiff "Unable to wait for gears on order 1074. Cancel," to which plaintiff wired back the same day, "Unable to accept cancellation as order is practically finished and will be shipped complete Saturday June 30th."

On April 30, 1924, the plaintiff brought this action in assumpsit for the purchase price of the gears. We need not decide whether the learned court below was right in holding that, under the correspondence above outlined, the defendant had no right to rescind the contract because of delay in delivery; for we are of opinion that the finding of the judge, sitting without a jury, in favor of the defendant was, in any event, justified on the ground taken by him, viz., lack of competent evidence to prove that the gears were finished and delivered, or tendered for delivery to defendant, and a refusal by defendant to accept such delivery, sufficient to support the present action.

There is no explicit evidence in the case showing

when the entire order of gears was finished and completed, or in fact, that they were ever finished and completed. The deposition of the salesman offered in evidence clearly relates to the general process of making and shipping gears, not to the manufacture and shipment of these particular gears. The deposition of the schedule supervisor is not clear as to whether he refers to some of the gears whose making he witnessed, or to the complete order. Neither of the witnesses attempted to say when the entire order was completed and ready for delivery, or when they were shipped or offered for delivery to the defendant. It certainly was not shown that two pairs of gears were sent by express on June 27, as per letter of June 25, or that the complete shipment was made on June 30, as per telegram of June 28. There was no communication shown to have been received from defendant, after plaintiff's telegram of June 28, refusing to accept the gears or absolving plaintiff of the duty of at least offering a delivery. The action was for the full purchase price under section 63 (3) of the Sales Act of 1915 (p. 561), but there was no proof of an offer to deliver by plaintiff, closely following its telegram of June 28, a refusal to receive by the defendant, and a notification that the goods were thereafter held by the plaintiff as bailee for the defendant, as required by the third paragraph of that section. If the gears were not practically finished when defendant cancelled the order, and labor or expense to a material amount were required to complete them, the action should have been for damages for breach of contract under section 64 (4) of the Sales Act and not for the purchase price under section 63.

The lack of oral evidence above referred to was not supplied by the pleadings. Section 12 of the plaintiff's statement and the corresponding paragraph of the affidavit of defense were not offered in evidence, or brought to the attention of the judge sitting without

a jury, in any of the modes pointed out as proper by the Chief Justice in Buehler v. U. S. Fashion Plate Co., 269 Pa. 429, 433; nor even approximating them as in Jameson v. Jameson, 80 Pa. Superior Ct. 254. The twelfth paragraph of the affidavit of defense denied specifically that the plaintiff had offered to deliver the gears immediately following its telegram of June 28. The admission in that paragraph that on August 7th plaintiff declined to accept the gears, was not offered in evidence and if it had been, would not, without more, have sustained this action for the purchase price. If the gears were not completed and ready for delivery until nearly six weeks after the order was cancelled, the action should have been for damages under section 64 (4) of the Sales Act rather than for the purchase price under section 63 (3).

We are of opinion that the ruling of the court below was in accord with the decisions of this court (American Steel Foundries v. Metal Products Co., 74 Pa. Superior Ct. 505) and should be sustained.

Judgment affirmed.