AMERICAN TIN–PLATE CO. v. TROTTER et al. ,

(Circuit Court, E. D. Pennsylvania. December 26, 1900.)

SALES—CONSTRUCTION OF CONTRACT—ACTION BY SELLER FOR BREACH.

Where a contract for the sale and purchase of tin plates specified the brand and size of the plates, but gave the purchaser the privilege of specifying other sizes before the time for the making of each shipment, it was not obligatory on him to make any specification, and his failure to do so was not a refusal to carry out the contract which relieved the seller from the necessity of delivering or tendering delivery of the quantity and size named in the contract before he could maintain an action for its breach.

At Law. Action for breach of contract. On motion by defendants for judgment notwithstanding the verdict.

John Weaver, for plaintiff.

C. Berkeley Taylor, for defendants.

J. B. McPHERSON, District Judge. The facts in this case, which are not in dispute, are as follows: In January, 1897, the parties to the suit entered into a contract that contained, inter alia, these provisions:

"The American Tin-Plate Co., of Elwood, Indiana, agrees to sell, and Nathan Trotter & Co., of Philadelphia, Pennsylvania, agrees to buy:

"Description of Goods:   'Kanner' brand tin plates.

"Quantity:   5,000 boxes, surface 14x20, 112 sheets.   * * *

"Sizes:   Buyers to have privilege of specifying any of the following sizes [naming eighteen sizes from 10x14 to 20x28].

"Place of Delivery:   Car lots Philadelphia, Pa.

"Time of Delivery (each delivery to be considered and treated as a separate contract):   One-sixth each month, July, 1897, to December, inclusive.

"Specifications:   To be given not later than the 20th of each month preceding the month's delivery.

"Not less than 50 boxes of a single size and gauge."

Trotter & Co. never availed themselves of the privilege to specify sizes allowed them by the contract, and the tin-plate company never delivered or offered to deliver plate of any size. This suit is brought to recover as damages the profits that would have been made by the plaintiff if the plates had been delivered.

There is some conflicting testimony concerning the existence of a trade custom that requires a buyer of tin plates to specify before a certain day in each month the sizes that he desires to have delivered during the following month. But I do not consider the testimony to be relevant, for the reason that, even if such a custom were clearly established,—and it is not thus established,—it could not prevail against the clear and unambiguous terms of the contract in suit. As I view the controversy, it must be determined by a construction of the contract, taken in connection with the undisputed failure of the plaintiff to make or tender performance on its part. To my mind, the contract is free from doubt. The plaintiff agreed to sell, and the defendants agreed to buy, 5,000 boxes of a particular brand and size of tin plate, the brand being "Kanner," and the size being 14x20, each box to contain 112 sheets. One-sixth of this amount was to be delivered each month at Philadelphia. If the

buyers desired other sizes than 14x20,—which is the standard size in the trade, probably 90 or 95 per cent. of all plates sold being of these dimensions,—they had the right to make their wishes known, and, if they did so in due season, to have such wishes complied with. But they were not bound to specify any other size than 14x20. In the absence of specifications, the contract provided clearly that the tin-plate company was to deliver each month at Philadelphia one-sixth of 5,000 boxes of a distinctly described kind and size of plate; and, if the delivery was neither made nor tendered, the tin-plate company acquired no right to sue for the contract price or for profits. Without such delivery or tender, and a refusal by the defendants to accept, it could not be certainly known either that the plaintiff had the goods to sell, or that the defendants would not keep their contract to buy. I have no doubt that the defendants had determined to break the contract, being led to this decision by so large a decline in the market price that they would probably lose less by paying damages for a breach than by paying the contract price. But mere intention to break is not breaking in fact. Intention leaves room for repentance, and the period for repentance does not expire until the determination to break is carried into action. The intention and the fact must concur before the buyer's legal liability is established, and such concurrence exists either when a buyer declares the contract at an end,—and there was no such declaration in the present case,—or when the seller performs, or offers to perform, his part of the contract, and the buyer refuses to accept the goods. In either event, the default is definitely made to appear; but, until one or the other event takes place, the default is not legally ascertained. It follows that, as the present plaintiff failed to make the necessary offer of performance, no right of action accrued, and that judgment must be entered upon the reserved point in favor of the defendants.

This conclusion is supported by the following authorities: Smith v. Loomis, 7 Conn. 110; Hapgood v. Shaw, 105 Mass. 276; Nelson v. Elevating Co., 55 N. Y. 480; Kunkle v. Mitchell, 56 Pa. St. 100. The plaintiff has cited two cases—De Loach v. Smith, 83 Ga. 666, 10 S. E. 436, and Posey v. Scales, 55 Ind. 282—in behalf of the proposition that no delivery or tender was necessary until the defendants furnished specifications. It will be found, however, upon examination of these decisions, that they each differ in a material point from the case in hand. There each contract imposed the duty of furnishing specifications upon one party, and under such circumstances the other party could not perform or tender until the duty to specify was discharged, for he could not know what his own obligation was until the specification made it clear. In the case before us, however, there was no such duty. The buyers had nothing more than a privilege, of which they might or might not avail themselves. It was a mere option, which they were not bound to exercise, and therefore failure to exercise it imposed no obligation upon them, and gave no corresponding right to the plaintiff.

Judgment will be entered upon the reserved point in favor of the defendants notwithstanding the verdict.