and upon East Seventh street in the city of Dunkirk, which gas pipes or mains plaintiff acquired by purchase from the Citizens Gas and Fuel Company; that during the years 1912 and 1913, in anticipation of the paving of East Seventh street, the board of water commissioners of the city of Dunkirk disturbed the soil in East Seventh street in and near the gas pipes of plaintiff; that thereafter and in 1913 the defendant city of Dunkirk required certain machinery to be used in and about the paving of Seventh street whereby said gas main was broken, and by reason of such break the gas escaping from said main found its way into the cellar of the house located on the southerly side of East Seventh street in which one Mabel Luther lived, causing an explosion and injury to the said Mabel Luther, who thereafter in an action against plaintiff and defendants recovered damages therefor. Plaintiff having paid the amount of the judgment seeks in this action to recover from the defendants the amount paid upon the ground that they were primarily responsible.

*Albert E. Nugent, T. P. Heffernan* and *L. A. Kilburn* for appellants.

*George Clinton, Jr.,* and *Maulsby Kimball* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

FULTON BAG & COTTON MILLS, INC., Appellant, *v.* JOSEPH FRANKEL et al., Copartners under the Firm Name of FRANKEL BROTHERS, Respondents.

*Contract — sale — when seller bound to tender delivery of goods purchased at place of business of purchaser without payment in advance.*

*Fulton Bag & Cotton Mills, Inc.,* v. *Frankel,* 196 App. Div. 701, affirmed.

(Argued October 17, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department,

entered June 8, 1921, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover damages for an alleged breach of contract by defendants in failing to accept and pay the price of goods purchased from the plaintiff. The contract of sale provided: " Goods to be taken out prior to November 25th, 1918 * * *. Delivery; After completion your order Sept. 18th; 10 bales every ten days. Freight paid to 318 East 32nd Street, N. Y. C." The question was whether it was incumbent on the plaintiff to tender delivery of the goods to the defendants at their place of business in the city of New York without payment in advance, or whether it was defendants' duty to call for the goods at the seller's place of business and tender payment in advance and demand delivery there.

*Clifford Seasongood* and *Thomas A. Eager* for appellant.
*Ira Skutch* and *Benjamin F. Feiner* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

JANET L. DURANT, Respondent, *v.* EDWARD C. CROWLEY, Individually and as Substituted Trustee under Trust Agreements Executed by WILLIAM W. DURANT, Appellant, and LAWRENCE T. DURANT et al., Respondents, Impleaded with Others.

*Trustees — accounting — investment of trust funds — when trustee properly surcharged with amount of speculative investment.*

*Durant* v. *Crowley,* 197 App. Div. 540, affirmed.

(Argued October 17, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 27, 1921, modifying and affirming as modified a judgment entered upon the report of a referee in an action for an accounting. The Appellate Division surcharged the account of the trustee with the amount of a mortgage loan upon real property and unpaid