PERCY KENT COMPANY, Respondent, *v.* MEYER SILBER-
    STEIN, as Surviving Partner of the Firm of S. SILBER-
    STEIN & SON, Appellant.

Contract — sale — delivery — words " shipping instructions
later " put obligation on buyer to send instructions before
seller is obliged to deliver — seller under no obligation to
notify buyer that goods were ready — in absence of shipping
instructions attempted cancellation of contract on ground of
failure to deliver void — seller may recover for breach of con-
tract to receive and pay for goods.

Contracts for the sale of goods providing " shipment, delivery at
mill * * * shipping instructions later " clearly show that the
shipments were to be made at the mill and only when shipping
instructions were received. The purpose of the words " shipping

instructions later " was to put the obligation on the buyer to send instructions before the seller was under any obligation to make deliveries and the latter was under no obligation to notify the buyer that the goods were ready for shipment. An attempted cancellation of the contract, therefore, on the ground that deliveries were not made within the time specified, fails where it appears that shipping instructions were never given, and in an action by the seller the buyer may properly be held for damages in not receiving and paying for the goods in accordance with the contracts.

*Kent Co.* v. *Silberstein*, 213 App. Div. 855, affirmed.

(Argued December 10, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 8, 1925, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Henry C. Burnstine* for appellant. In no event could plaintiff recover because it failed to perform. (Personal Property Law, § 124, subd. 3.) Defendant did not breach the contracts. (*Rubber Trading Co.* v. *Manhattan R. Mfg. Co.*, 221 N. Y. 120; *Blumenthal* v. *Gallert*, 240 N. Y. 217.)

*Edward M. Grout* for respondent. In a sales contract which reads " delivery at mill," " shipping instructions later," the first obligation is upon the buyer to give the shipping instructions, and the seller is not obliged to deliver until such instructions are given. (*Frackville Mfg. Co., Inc.*, v. *Barish*, 204 App. Div. 871; 237 N. Y. 582; *Del Castillo* v. *Silberstein*, 198 App. Div. 921.) The Appellate Division properly construed the contracts here as requiring the buyer to send his shipping instructions before the end of each month to enable the seller to ship the goods in accordance with such instructions. (*Gordon Malting Co.* v. *Bartels Brewing Co.*, 206 N. Y. 541; *British Aluminum Co., Ltd.* v. *Trefts*, 163 App. Div. 184; *Fuller*

& Co., Inc., v. *Jordan, Jr., Inc.,* 196 App. Div. 114; *Kingman & Co.* v. *Hanna Wagon Co.,* 176 Ill. 545; *Weill* v. *American Metal Co.,* 182 Ill. 128; *Krauter* v. *Simonin,* 274 Fed. Rep. 791; *Atkinson* v. *Truesdell,* 127 N. Y. 230; *Mersereau* v. *Hirsch Co.,* 136 App. Div. 271.)

MCLAUGHLIN, J. This action was brought to recover damages for the alleged breach of two contracts, the terms of which are similar. Under each contract the plaintiff agreed to sell and deliver and the defendant agreed to accept and pay for 200,000 yards of sheeting to be manufactured by William Iselin & Co. The purchase price was 22 cents per yard, delivery to be made at the mill of Iselin & Co., 50,000 yards each in September, October, November and December, 1918. Each contract contained the words " shipping instructions later." The alleged breach of contract set forth in the first cause of action is as follows:

" VI. Thereafter the plaintiff procured said goods to be manufactured pursuant to the said contract by the firm of William Iselin and Company, and had the same ready at the mill for delivery at the rate of approximately 50,000 yards each in September, October, November, and December, 1918, according to the said contract and to the custom in the cotton goods trade, and notified the defendant that the same were ready for shipment and delivery, and offered to deliver the same pursuant to said contract, but the defendant failed and refused to give shipping instructions for said goods and failed and refused to receive the same and pay therefor, and notified the plaintiff that he would not receive the same, and the plaintiff thereafter, and upon notice to the defendant, sold the said goods in open market for and on account of the defendant and at the best prices obtainable therefor. Thereby the defendant broke the said contract, to the damage of the plaintiff in the sum of $12,765.77, payment of which the plaintiff

demanded of the defendant on or about the 10th day of January 1919, and which the defendant refused to pay."

The alleged breach in the second cause of action is substantially the same.

There have been two trials. On the first, the court dismissed the complaint but, on appeal, the judgment was reversed and a new trial ordered (200 App. Div. 52). On the second trial, at the close of the evidence, each party moved for the direction of a verdict in its favor. The court denied defendant's motion and granted the plaintiff's. The jury, in accordance with the court's direction, rendered a verdict in favor of the plaintiff for a substantial amount. On appeal, the judgment entered on such verdict was unanimously affirmed and leave to appeal denied. This court, however, granted such leave.

On October 5, 1918, the defendant, the buyer, wrote to the plaintiff, the seller, saying, " Owing to your lateness in delivery on the above contracts we will ask you to kindly cancel these as we will accept no further deliveries. Kindly acknowledge receipt and oblige." The plaintiff, prior to the receipt of this letter, wrote the defendant as follows: " We enclose invoice covering 4 yd. sheetings held at mill against your contracts    *    *    *.    Will you kindly give us shipping instructions for this lot and also for the October and November and December portions if possible? If you can not give us shipping directions now for the November and December portions, please let us have instructions on the October portion, and oblige." The plaintiff replied to this letter, as follows: " Replying to your valued favor of the 5th, beg to say that we are unable to follow your request to cancel as the September portion of goods, namely, 100,000 yards are all ready at the Mill, and were all ready before Sept. 30th, and we have been awaiting your shipping instructions. We have received the invoice from Wm. Iselin & Co. who sold us these goods, under date of September 30, for the entire

lot, and we now await your instructions, having in turn sent you invoice which you have just requested over the 'phone." In answer to this letter, the defendant wrote the plaintiff on October 9 as follows: " We are in receipt of your letter of October 8th regarding the 4.00 Sheetings, and wish to say, that due to the fact that you have been late on delivery on this contract we cancelled same on the date of October 5th, and we can not at this time accept these goods. We also wish to say that we have never requested you over the phone or any other way to send us these invoices."

The question presented by the appeal turns upon the interpretation of the contracts and the effect of these letters. Each contract expressly provided " shipment, delivery at mill. * * * shipping instructions later." The defendant took the position, as indicated by the correspondence referred to, that the sheeting not being delivered in September as required by the contract, gave him the right to cancel the contract which he claims he did by the letter of October 5. The plaintiff, on the other hand, took the position and now urges that the defendant having failed to send shipping instructions as required by the contracts, it was unable to make shipments during September.

The contracts clearly show that the shipments were to be made at the mill and only when shipping instructions were received. It is obvious that the purpose of the words " shipping instructions later " was to put the obligation on the buyer to send instructions before the seller was under any obligation to make deliveries. The seller could not make the shipments until such instructions were received. The plaintiff was under no obligation to notify the defendant that the goods were ready for shipment. The defendant knew, because the contracts expressly provided when the shipments were to be made and that they were to be made only after shipping instructions had been furnished. Defendant having failed to give such

instructions, he could not cancel the contracts because the deliveries were not made. That they were not made was due to his own fault.

The sheeting was to be manufactured by Iselin & Co. The contracts show this. Each contains a provision that " If the production of mills be curtailed during the time above named by strikes or lockouts, to counteract strikes or any unavoidable casualty, shipments will be made proportionate to the production."

The price of sheeting had materially declined after the contract was made. It is quite evident that the defendant did not want the sheeting for that reason; hence no shipping instructions were given. He knew or should have known that a delivery could not be made until such instructions were given. It is urged that the plaintiff could have stored the sheeting at the mill. Whether this is so or not, I do not know. I *do* know that this was not the contract. Each contract provided that 50,000 yards of sheeting were to be delivered during each of the months of September, October, November and December. The plaintiff was ready to make such deliveries but it could not do so until shipping instructions were given. Such instructions never were given, and defendant was properly held for damages in not receiving the sheeting and paying for the same as he had contracted to do.

I am of the opinion that this judgment is right, and the same should be affirmed, with costs.

HISCOCK, Ch. J., CARDOZO, POUND, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment affirmed.