## COX v. EARLY et al.

No. 9659.

Circuit Court of Appeals, Eighth Circuit.

June 20, 1933.

W. R. Donham, of Little Rock, Ark. (W. W. Shepherd, of Little Rock, Ark., on the brief), for appellant.

Thomas S. Buzbee, of Little Rock, Ark. (A. S. Buzbee and H. T. Harrison, both of Little Rock, Ark., on the brief), for appellees.

Before STONE and WOODROUGH, Circuit Judges, and MUNGER, District Judge.

WOODROUGH, Circuit Judge.

There was a collision in the nighttime between the automobile operated by the plaintiff's intestate and a Rock Island switch engine on a crossing in the city of Little Rock, and the plaintiff, living in Arkansas, sued the railroad company and its resident hostler engineer jointly in the state court for the resultant death of her husband, setting up that her husband stopped, looked, and listened and was careful, but the engine speeded on to the crossing without bells, lights, whistles, or lookout. The nonresident railroad company removed to the federal court, claiming that the hostler engineer who was operating its engine was fraudulently joined to defeat the jurisdiction, and that there was no honest intention to make a case against him. The plaintiff filed her motion to remand which was denied by the trial court, and on the trial of the case there was a directed verdict for the defendants. The plaintiff appeals, and her first assignment of error is "over-ruling plaintiff's motion to remand this cause to the state court for trial."

As no bill of exceptions preserving the testimony taken on the motion to remand has been brought up, we consider only the sufficiency of the petition for removal to sustain the jurisdiction. McCuing v. Bovay (C. C. A.) 60 F.(2d) 375.

. The gist of the petition for removal is that the plaintiff's intestate, driving his automobile, approached the railroad track where the collision occurred, with full knowledge that he was approaching a railroad track, rapidly, without slackening his speed, without stopping or looking or listening for an approaching train, while the engine was on the crossing or backing over it. That his automobile struck the front end of the switch engine and "caused the collision," resulting in his death. That if he had taken any precaution whatsoever to look or to listen for the approach of the switch engine he could have discovered its approach in time to have avoided the collision by the exercise of any care whatsoever in his own behalf. That the switch engine was running slowly, with bell ringing and efficient electric lights burning, both at the front and the rear end, and that the hostler engineer was keeping a proper lookout. In other words, that the plaintiff's intestate negligently ran his automobile into such violent collision with the moving switch engine that he was killed, and so the whole occurrence was accounted for. The petition for removal does not deny, but by fair implication concedes, that the resident defendant was the railroad company's employee operating the engine at the time of the collision; but it is charged that the plaintiff's version of the accident, as set up in her petition, is false, known by her to be false, and recklessly set up, and that she is without any evidence to substantiate it. The company's theory is that under the law of Arkansas there is a different test of liability for tort applicable to the company and to the individual engineer, the engineer being liable under common-law rules, and there being railroad liability statutes peculiarly applicable to it. Sections 7145 and 8575, Crawford & Moses Digest of the Statutes of Arkansas; Mississippi River Fuel Corporation v. Senn, 184 Ark. 554, 43 S.W. (2d) 255; Davis v. Hareford, 156 Ark. 67, 245 S. W. 833.

■ Such a controversy as is thus sought to be presented in the petition for removal cannot be tried out by the federal judge in removal proceedings. The federal court has power to eliminate or disregard a sham defendant who has been fraudulently joined to defeat jurisdiction, or recklessly so joined, but the kind of a case in which it may do so is clearly indicated in Wilson v. Republic Iron Co., 257 U. S. 97, 42 S. Ct. 35, 66 L. Ed. 144; Chesapeake & Ohio Ry. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; and Wecker v. National Enameling & Stamping Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. Where it clearly appears that the resident joined as a defendant preventing removal had nothing to do with the accident sued upon, or no real connection with the tort, and that he has been included in the suit in bad faith or in reckless disregard of the truth and there are facts presented which rightly lead to that conclusion, apart from the pleader's deductions, he may be found to be a sham defendant and disregarded for the purpose of jurisdiction. But when it is admitted, as in this petition for removal, that the resident defendant was the hostler engineer of the company, whose operation of the switch engine brought it into collision with the plaintiff's intestate resulting in the death, and there are no facts to clearly prove fraud in the joinder, there is no way to settle the issue as to whose fault the accident was except upon trial of the case before a jury in the court having jurisdiction. The difference in the standards of liability for the company and for the engineer is immaterial. If the plaintiff's version of the accident, as set out in her petition, should be sustained, she would be entitled to recover against both the company and the engineer jointly, as prayed. If the company's version, as set out in its petition for removal and its answer, is sustained, the plaintiff could recover against neither of the defendants; but outside of deductions interpolated in the petition for removal, there are no facts to clearly show that she did not intend to honestly try to recover against both jointly.

Such being the situation presented to the trial court by the petition for removal and the motion to remand, the case should have been remanded to the state court and should now be reversed, with direction to that effect.