### HUFFMAN v. BALDWIN et al.

No. 10395.

Circuit Court of Appeals, Eighth Circuit.

March 7, 1936.

6

· Tom W. Campbell, of Little Rock, Ark. (Steve Carrigan and Luke F. Monroe, both of Hope, Ark., and J. H. Lookadoo, of Arkadelphia, Ark., on the brief), for appellant.

Henry Donham, of Little Rock, Ark. (Martin K. Fulk, of Little Rock, Ark., on the brief), for appellees.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment dismissing, for want of prosecution, an action at law brought by Ruth Huffman, as administratrix, against L. W. Baldwin and Guy A. Thompson, trustees of the Missouri Pacific Railroad Company, and Harry Parker and Oliver Mosely, in the circuit court

of Clark county, Ark., from which court it was removed by the trustees, who were the nonresident defendants, on the grounds of diversity of citizenship, a separable controversy, and the fraudulent joinder of the resident defendants Parker and Mosely. The plaintiff denied the existence of a separable controversy and fraudulent joinder, and moved to remand. The court below denied the motion to remand, and, upon the plaintiff's refusal to prosecute further in the federal court, a judgment of dismissal was entered, and this appeal followed.

The only error assigned is the failure of the court to grant the motion to remand.

The substance of the plaintiff's complaint is that she is the administratrix of the estate of Albert Huffman, deceased, who was killed on December 20, 1933, at a grade crossing in the town of Prescott, Ark., by a passenger train owned and operated by the nonresident defendants, trustees of the Missouri Pacific Railroad Company; that Parker and Mosely, the resident defendants, were, respectively, the engineer and the fireman in charge of the actual running of the train; that, while the deceased's automobile was at the crossing and while the deceased was watching a freight train west of the crossing, the passenger train came from the opposite direction at an excessive and dangerous rate of speed and struck the automobile, fatally injuring the deceased; that the deceased's death was due to the failure of the defendants to ring the bell or sound the whistle or keep a proper lookout to discover the deceased's peril; and that, if they discovered his peril, the defendants failed to exercise reasonable care to avoid injuring him. The plaintiff prayed for a joint judgment because of joint liability.

The nonresident defendants in their petition for removal asserted that no cause of action against the engineer and the fireman was stated, because the complaint, upon its face, showed that the deceased was guilty of contributory negligence which constituted a complete bar to any right of action against them (the comparative negligence rule being applicable only as against the railroad), and because the engineer and fireman owed no duty to the deceased to keep a lookout for his presence on the track or to ring the bell or sound the whistle to warn him as the train approached the crossing. The nonresident defendants· denied that the train was run at an excessive rate of speed, that the engineer and fireman dis-

covered that the deceased was in a perilous position or failed to use due care to avoid injuring him after discovering his peril, and that the engineer and fireman were not keeping a proper lookout, or that they failed to ring the bell and sound the whistle when approaching the crossing. The petition for removal is the equivalent of a demurrer to the complaint in behalf of the resident defendants and a general denial of negligence in behalf of all defendants.

The appellees contend that we must affirm the judgment (1) because there is in the appellant's brief no specification of the error assigned and argued; and (2) because the failure of the appellant to incorporate in the record the evidence taken at the hearing of the motion to remand creates a presumption that the judgment was correct.

■■ Generally, the absence of a specification of errors in an appellant's brief is ground for affirmance. Hard & Rand, Inc., et al. v. Biston Coffee Co. (C.C.A.8) 41 F.(2d) 625; Harrow-Taylor Butter Co. v. Crooks (C.C.A.8) 41 F.(2d) 627. This general rule, however, does not apply where the question is one of jurisdiction. The question of federal jurisdiction is reviewable in the absence of assignments of error or specifications of error, and even where the question is not specifically raised by the parties to the litigation. Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 4 S.Ct. 510, 28 L.Ed. 462; Chicago, B. & Q. R. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Johnson v. Noble et al. (C.C.A.10) 64 F.(2d) 396; Rogers et al. v. Penobscot Mining Co. et al. (C.C.A.8) 154 F. 606; Spencer v. Patey (C.C.A.2) 243 F. 555.

■ The failure of the appellant to bring up the evidence merely limits this court in its review to a consideration of the primary record. American Nat. Red Cross v. Raven Honey Dew Mills (C.C.A.8) 74 F.(2d) 160, 162; Brown Sheet Iron & Steel Co. v. Maple Leaf Oil & Refining Co., Limited (C.C.A.8) 68 F.(2d) 787; Harris et al. v. United States (C.C.A.4) 70 F.(2d) 897; Bisbee Linseed Co. v. Paragon Paint & Varnish Corporation (C.C.A.2) 66 F.(2d) 595. The question before us, then, is whether the allegations of the petition for removal will sustain the refusal to remand. Cox v. Early et al. (C.C.A.8) 65 F.(2d) 891.

■ In determining removability, the court is not required to consider more than whether there was a real intention to obtain a joint judgment, and whether there was colorable ground for it shown. It is not to decide whether a flaw could be picked in the complaint on special demurrer. Chicago, R. I. & P. R. Co. v. Schwyhart, 227 U.S. 184, 194, 33 S.Ct. 250, 57 L.Ed. 473; Morris v. E. I. Du Pont De Nemours & Co. et al. (C.C.A.8) 68 F.(2d) 788, 791.

■■ Even though a plaintiff has misconceived his cause of action and has no right to maintain it against the defendants jointly, that does not change an alleged joint cause of action into a separable controversy for the purpose of removal. The law looks to the case made in the pleadings and determines whether the state court shall be required to surrender its jurisdiction to the federal court. Alabama Great Southern R. Co. v. Thompson, 200 U.S. 206, 218, 219, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, B. & Q. R. Co. v. Willard, supra, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Morris v. E. I. Du Pont De Nemours & Co. et al., supra, 68 F.(2d) 788, 791.

■ By a petition for removal, a nonresident defendant may show that a joinder, fair upon its face, is a mere sham or fraudulent device to prevent removal, but the showing must consist of a statement of facts leading to that conclusion apart from the pleader's deductions. Chesapeake & Ohio R. Co. v. Cockrell, 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544; Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 182, 183, 185, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144; Morris v. E. I. Du Pont De Nemours & Co. et al., supra, 68 F.(2d) 788, 791.

■ In deciding the question of fraudulent joinder, the court must keep in mind that the doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction, and are not to be determined in the removal proceedings. Morris v. E. I. Du Pont De Nemours & Co. et al., supra, 68 F.(2d) 788, 793.

■ The same care is to be exercised in protecting the jurisdiction of the state court with respect to a case not subject to removal as is exercised in protecting the jurisdiction of the federal court with respect to one that is subject to removal. Morris v. E. I. Du Pont De Nemours & Co. et al., supra, 68 F.(2d) 788, 793.

**8**

■■■■■■■■■■■■■■■

■ Whether the liability of the defendants under the allegations of the complaint was a joint or a several liability is to be determined by the law of Arkansas. Chicago, R. I. & P. R. Co. v. Schwyhart, supra, 227 U.S. 184, 33 S.Ct. 250, 57 L.Ed. 473; Chicago, R. I. & P. R. Co. v. Whiteaker, 239 U.S. 421, 36 S.Ct. 152, 60 L.Ed. 360; Southern Ry. Co. v. Miller, 217 U.S. 209, 215, 216, 30 S.Ct. 450, 54 L.Ed. 732; Morris v. E. I. Du Pont De Nemours & Co. et al., supra, 68 F.(2d) 788, 792; Watson v. Chevrolet Motor Co. of St. Louis et al. (C. C.A.8) 68 F.(2d) 686, 688.

■ Keeping in mind the rules above stated, does the complaint in the case before us show a colorable ground for a joint judgment against all of the defendants? Clearly, the question as to whether the complaint shows that the plaintiff's decedent was guilty of contributory negligence is an issue of law to be decided by the court having jurisdiction to try the case, and is not to be decided upon the petition for removal.

■ The contention of the appellees that, under the law of Arkansas, the complaint fails to state a cause of action against the engineer and fireman because they owed the deceased no duty to look out for him or to warn him of the approach of the train, must be ruled against them under the authority of Chicago, R. I. & Pac. Ry. Co. v. McKamy, 180 Ark. 1095, 25 S.W.(2d) 5, and Cox v. Early et al., supra (C.C.A.8) 65 F.(2d) 891.

■ The issues raised by the appellees' general denial of negligence were all issues to be determined upon a trial of the case by the court having jurisdiction to try it. They involved the merits of the controversy. They affected all defendants. The denial of negligence had no tendency to show any fraudulent joinder of resident defendants to prevent removal. Chesapeake & Ohio R. Co. v. Cockrell, supra, 232 U.S. 146, 153, 34 S.Ct. 278, 58 L.Ed. 544; Chicago, R. I. & P. R. Co. v. Whiteaker, supra, 239 U.S. 421, 425, 36 S.Ct. 152, 60 L.Ed. 360; Leonard v. St. Joseph Lead Co. et al. (C.C.A.8) 75 F.(2d) 390, 394; Watson v. Chevrolet Motor Co. of St. Louis, supra (C.C.A.8) 68 F.(2d) 686, 688.

■ Merely to traverse the allegations upon which the liability of resident defendants is based or to apply the epithet "fraudulent" to the joinder is not enough; the showing must be such as compels the conclusion that the joinder is without right and made in bad faith. Chicago, R. I. & P. R. Co. v. Whiteaker, supra, 239 U.S. 421, 425, 36 S.Ct. 152, 60 L.Ed. 360.

It is so obvious in this case that the plaintiff was seeking to impose upon the nonresident employers and their resident employees joint liability for the alleged negligent conduct of such employees that it is difficult to understand why the appellees should have removed the case or why the lower court should have retained it. Whether the case stated in the complaint was a meritorious one was no concern of that court.

The judgment is reversed, with directions to remand the case to the state court from which it was removed.