**ROBINSON et al. v. MISSOURI PACIFIC TRANSP. CO. et al. (seven cases).**

Nos. 419–425.

United States District Court
W. D. Arkansas, Hot Springs Division.
Aug. 9, 1949.

Gerland P. Patten, Little Rock, Ark., J. H. Lookadoo, James Gooch, Arkadelphia, Ark., G. D. Walker, Little Rock, Ark., for plaintiffs.

Henry Donham, Leffel Gentry, Little Rock, Ark., for defendants.

JOHN E. MILLER, District Judge.

Seven individuals, all former employees of the defendant, Missouri Pacific Transportation Company, filed separate complaints against the defendants in the Circuit Court of Clark County, Arkansas, and with the exception of the name of the plaintiff and other identifying allegations applicable to the plaintiff, such as tenure of employment, etc., all complaints are identical in form and substance.

Each plaintiff alleges that he is a citizen of Arkansas; that the Missouri Pacific Transportation Company is a corporation organized under the laws of the State of Delaware, authorized and doing business in Arkansas; that John F. Rea is a citizen of Arkansas and is employed by the corporate defendant as District Supervisor; that T. T. Allen is a citizen of Arkansas and is employed by the corporate defendant as Division Supervisor, subordinate to defendant Rea; that in all transactions alleged, the corporate defendant acted by and through its agents and employees, John F. Rea and T. T. Allen; that plaintiffs were employed as motor coach operators under the terms and conditions of employment as set forth in a written agreement between the corporate defendant and the Brotherhood of Railroad Trainmen, bargaining agent for the employees; that under the agreement no operator might be dismissed or disciplined without sufficient cause established at a fair and impartial hearing; that "the defendants John F. Rea and T. T. Allen, each acting in the scope of his employment on behalf of the defendant Missouri Pacific Transportation, wrongfully, and maliciously conspired with each other and with one R. J. McDermott, Vice President and General Manager of the defendant Missouri Pacific Trnsportation Company, and with one W. W. Swanwick and other persons unknown to the plaintiff, wrongfully to bring about plaintiff's discharge from his employment with the Missouri Pacific Transportation Company by manufacturing false testimony and lodging against plaintiff false charges of breach of trust by failing to account for fares collected"; that pursuant to this conspiracy and as an overt act toward its consummation defendants Rea and Allen together with McDermott employed Swanwick, operator of a private detective agency, to make a pretended investigation of plaintiffs' collections and remittances of cash fares, with the purpose of manufacturing false and fictitious evidence of alleged irregularities; that Swanwick made up false reports on such irregularities; that thereafter defendant Rea served notice on each plaintiff that he was suspended from service, that a hearing was held at which the false and fictitious testimony was presented; that thereafter each plaintiff was discharged and defendant Missouri Pacific, acting through R. J. McDermott, wrongfully denied each plaintiff an appeal from the action of Rea in discharging him, and also denied request of Brotherhood of Railroad Train-

men, acting on behalf of each plaintiff, to submit the case to arbitration; and praying for damages in excess of $3,000 in each complaint, exclusive of interest and costs.

Petitions for removal of all seven cases were filed in the Hot Springs Division of this Court on July 13, 1949, by the defendant Missouri Pacific Transportation Company, alleging that defendants John F. Rea and T. T. Allen were made parties defendant "for the fraudulent purpose of defeating the removal of this cause to this Court, no valid cause of action having been alleged against said resident defendants", in that: (1) no cause of action exists at common law or by statute for damages resulting from alleged subornation of perjury; (2) the alleged wrongful discharge of the plaintiff is based upon the alleged breach of contract by defendant Missouri Pacific Transportation Company, for which no cause of action exists against Rea and Allen, resident defendants, and is a separate and independent claim against the corporate defendant alone; and moreover, the alleged contract is void and unenforceable for lack of mutuality of obligations; and (3) the provision of the contract providing that cases involving dismissal of motor coach operators "shall be submitted at the request of either party to a Board of Arbitration" provides the exclusive remedy, and plaintiffs falsely alleged that Missouri Pacific refused to submit this case to a Board of Arbitration.

On July 18, 1949, separate motions to dismiss were filed in each case by Rea and Allen and by the Missouri Pacific Transportation Company.

On July 28, 1949, plaintiffs filed motions to remand the cases, together with a statement and citation of authorities in support of the motions as required by local Rule 8 of this Court. Said motions and statement having been served on the attorneys for the defendant on July 27, 1949, and ten days having elapsed from that date and defendants not having responded to said motion and statement the Court, in accordance with the provisions of local Rule 8, proceeds now to consider the motions to remand.

Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants. Title 28 United States Code Annotated, Section 1441(a). The only basis for original federal jurisdiction in these cases is diversity of citizenship and the requisite amount in controversy. The complaints as filed in the State court and removed here do not meet this jurisdictional test since the plaintiffs and two of the defendants are citizens and residents of the same State, Arkansas. However, the defendant, Missouri Pacific Transportation Company, contends that the resident defendants, Rea and Allen, were fraudulently joined, and as a result thereof, their citizenship should be disregarded in determining removability of the cases.

The oft cited test for determining removability when the issue of fraudulent joinder is raised is stated by the Court of Appeals for the Eight Circuit in Huffman v. Baldwin, 82 F.2d 5, 7, as follows: "In determining removability, the court is not required to consider more than whether there was a real intention to obtain a joint judgment, and whether there was colorable ground for it shown. It is not to decide whether a flaw could be picked in the complaint on special demurrer."

Applying this test to the instant cases the requisite of a real intention to obtain a joint judgment clearly appears from each complaint. There is nothing before the Court that indicates the absence of such intention. Upon the state of the record in the instant cases the complaints and allegations therein are all that may be properly considered in determining the questions before the Court, as there has been no testimony adduced nor affidavits filed, and the plaintiffs, in their complaints, allege joint liability and pray for a joint judgment.

Turning then to the second requirement "colorable ground for it shown", it appears from the complaints that the plaintiffs have alleged that there existed a conspiracy to wrongfully discharge the plaintiffs by manufacturing false testimony and

238

lodging against the plaintiffs false charges and that overt acts in accordance with and in furtherance of the conspiracy were performed with resultant damage to the plaintiffs.

■ It is not the province of this Court in passing on a motion to remand to adjudicate the merits of the controversy or to determine doubtful issues of law or fact. As stated in Huffman v. Baldwin, supra: "In deciding the question of fraudulent joinder, the court must keep in mind that the doubtful issues of law and fact in the case are to be tried in the court which has jurisdiction, and are not to be determined in the removal proceedings."

And, in Albi v. Street & Smith Publications, Inc., et al., 9 Cir., 140 F.2d 310, 312, the Court said: "In borderline situations, where it is doubtful whether the complaint states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of the retention of the cause in the state court. A merely defective statement of the plaintiff's action does not warrant removal; and it is universally thought that the motive for joining such a defendant is immaterial. It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal."

See, also: Locke v. St. Louis-San Francisco Ry. Co. et al., 8 Cir., 87 F.2d 418, 420; 2 Cyc. of Federal Procedure, 2d Ed., sec. 384, page 244.

■ The corporate defendant alleges in its petition for removal that no cause of action is stated against the resident defendants because there is no cause of action under the common law or by statute in Arkansas for subornation of perjury. For reasons of public policy such a cause of action has generally been denied in order to protect the proper functioning of the courts by enabling witnesses to make full and complete disclosures in their testimony without the restraint or fear of subsequent suits for damages, and therefore, an action for damages for conspiracy to commit perjury cannot ordinarily be maintained.

■ However, the complaints in the instant cases may be held to state a cause of action without running afoul of the generally accepted prohibition against civil actions for perjury or conspiracy to commit perjury or to suborn perjury. The conspiracy alleged was to deprive wrongfully the plaintiffs of their rights to earn a living for themselves and their families according to their desires as to choice and availability of employment. Any fraudulent invasion of that right that causes damage is a tort and the damaged person has a cause of action. According to the allegations of the complaints this conspiracy was carried out by a series of overt acts, and the procuring and the giving of perjured testimony at the hearing prior to final discharge was an incident to the alleged fraud of defendants against the plaintiffs. Thus it is at least possible that the allegations may be deemed sufficient to charge an actionable invasion of a right of the plaintiffs through the violation of a duty of the defendants owing to the plaintiffs, the violation occurring by reason of the overt acts of defendants to bring about the wrongful discharge of the plaintiffs in the furtherance of the conspiracy to that effect. This result would not be contrary to the rule against civil actions for subornation of perjury, for the public interest behind that rule would appear to be overshadowed by the public interest behind the right to civil redress of one who has been wronged by the successful execution of a conspiracy, even though the success of the alleged plan was contributed to by the use of false testimony. 15 C.J.S.; Conspiracy § 16, page 1027.

This Court is not passing upon the sufficiency of the allegations of the complaint as that question is one for determination by the State court and intends merely to show that there is at least sufficient doubt as to the law to require the court with original jurisdiction, in these cases the Circuit Court of Clark County, Arkansas, to determine the question.

The Court is determining the question of its jurisdiction and is basing that deter-

mination upon a consideration of the complaints filed in the State court. As stated above, the complaints do not allege claims falling within the original jurisdiction of this Court because there does not exist complete diversity of citizenship between the plaintiffs and the defendants. The corporate defendant has attempted to correct this defect by alleging fraudulent joinder. This allegation has been placed in issue by the motions to remand filed by plaintiffs. Referring, then, to the complaints it appears that joint liability is alleged and a joint judgment prayed for by reason of an alleged conspiracy and overt acts in furtherance thereof. It follows therefrom that the question presented is,— if liability exists under the State law, can a joint judgment be obtained?

■ A reference to the Arkansas law discloses that parties to a conspiracy become liable as joint tort-feasors. As stated in Wilson v. Davis, 138 Ark. 111, 120, 211 S.W. 152, 154; "If such an unlawful agreement exists, the parties thereto become liable as joint tort-feasors and to the extent of the damage done as a result of the conspiracy, and the liability of a particular conspirator does not depend upon the extent to which he profited by the conspiracy or his activity in its promotion." See, also: Stewart v. Hedrick, 205 Ark. 1063, 172 S.W.2d 416.

Also, it is alleged in the complaints that the corporate defendant acted in all transactions through its agents, the resident defendants Rea and Allen, and if it be said that the conspiracy and overt acts were the acts of the employees merely, it is alleged that they were acting within the scope of their employment, and a joint judgment against the corporate defendant and its employee defendants could still be obtained.

In either event the plaintiffs have elected to proceed against all defendants jointly, and if they have a cause of action, and successfully maintain the same, a joint judgment is proper under the State law.

Thus, this Court never reaches the point in its consideration of the motions to remand where it is necessary to pass upon or even consider the sufficiency of the allegations to support the claim of plaintiffs for damages by virtue of the conspiracy and execution thereof. That question is for the State Court.

■ Having determined that the resident defendants were not fraudulently joined, it follows that the cases do not come within the original jurisdiction of this Court, and therefore, were improperly removed.

■ As for contentions (2) and (3) of the corporate defendant in its petition for removal, it suffices to say that the plaintiffs' claim is founded in tort and not upon the contract between the corporate defendant and the Union representative of the employees. Furthermore, only one claim is alleged by each plaintiff and clearly removal is not allowable under the separate claim provision of Title 28 U.S.C.A. § 1441 (c). Defendant may not insert a contract claim not contained in the complaint, nor change the claim in the complaint from tort to contract, and obtain removal. See: Bentley v. Halliburton Oil Well Cementing Co. et al., 5 Cir., 174 F.2d 788.

In view of this disposition of the motions to remand it is not necessary to pass upon the motions to dismiss filed by the defendants.

An order in accordance with the above, remanding the cases to the State court from which they were removed, will be entered.